Argued July 21, reversed and remanded August 29, 1977

FADELEY, *Appellant,*

*v.*

OREGON GOVERNMENT ETHICS COMMISSION,
*Respondent.*

(No. 95331, CA 7516)

568 P2d 687

Edward N. Fadeley, Eugene, argued the cause and filed the briefs pro se for appellant.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were Lee Johnson, Attorney General, and John Leahy, Chief Trial Counsel, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from an order of the circuit court granting the Oregon Ethics Commission's motion for summary judgment and denying petitioner the relief sought in his petition for judicial review of Ethics Commission action.[1]

In January of 1976, petitioner, in his capacity as a public official, filed a written request that the Ethics Commission issue an advisory opinion as to "the honesty and ethics of practice" of another named public official. Subsequently, petitioner also filed a formal complaint with the Commission against the same official. No action was taken on petitioner's request for an advisory opinion and, after conducting a preliminary investigation, the Commission voted to dismiss petitioner's complaint.

Thereafter, petitioner simultaneously sought judicial review of the Commission's action and inaction in both the circuit court and in this court.[2] We dismissed petitioner's appeal holding that the circuit court was the appropriate forum. *Fadeley v. Oregon Ethics Comm.*, 25 Or App 867, 551 P2d 496 (1976).

---

[1] ORS 18.105(1) provides for summary judgment in a proceeding for recovery upon "a claim, counterclaim or cross-claim or to obtain a declaratory judgment." The parties and the circuit court have assumed that summary judgment procedures are applicable in administrative review cases such as the one at bar. Inasmuch as the use of the summary judgment procedure has not been assigned as error and its applicability has been neither briefed nor argued, we join in that assumption for purposes of this case. In doing so, we do not decide the general applicability of ORS 18.105 in the administrative review context.

[2] The jurisdiction of this court was predicated upon ORS 183.482 which confers original jurisdiction upon the Court of Appeals for judicial review of contested cases. The jurisdiction of the circuit court was based upon ORS 183.484 which confers jurisdiction upon the circuit court for judicial review of orders other than contested cases. Our present review of this case is pursuant to ORS 183.500 which authorizes our review of the order of the circuit court:

"Any party to the proceedings before the circuit court may appeal from the decree of that court to the Court of Appeals. Such appeal shall be taken in the manner provided by law for appeals from the circuit court in suits in equity."

In the circuit court both the Commission and petitioner moved for summary judgment. Finding no genuine issue of material fact, the circuit court ruled as a matter of law that the Commission acted properly both in dismissing petitioner's complaint and in failing to issue an advisory opinion.

Briefly stated, petitioner's contentions are: (1) that the Commission is statutorily required to issue an advisory opinion whenever requested to do so by a public official and (2) that whenever a complaint is filed against a public official, the Commission's proceedings with respect to that complaint must be in the form of a contested case hearing under the Administrative Procedures Act. ORS 183.415 et seq. If either of these contentions are sustained, we may remand this case to the Commission with directions that it undertake such proceedings as are legally required. ORS 183.490.[3]

## *Advisory Opinions*

■ Petitioner's request for an advisory opinion is based upon the mandatory language of ORS 244.280 which provides:

"(1) Upon the written request of any public official, or upon its own motion, the commission shall issue and publish opinions on the requirements of this chapter, based on actual or hypothetical circumstances.

"(2) If any public official or business with which he is associated is in doubt whether a proposed transaction or action constitutes a violation of this chapter, he may request in writing a determination from the commission. Within 60 days of receipt of the request, the commission shall issue an advisory interpretation on the question. The requester shall supply such information as the commission requests to enable it to issue the interpretation.

"(3) A public official or business with which he is

---

[3] ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.480, compel an agency to act where it has unlawfully refused to act, or unreasonably delayed action."

associated shall not be liable under this chapter, for any action or transaction carried out in accordance with an advisory interpretation issued under subsection (2) of this section."

The Commission interpreted subsection (1) of this statute to require publication of an advisory opinion at the request of a public official only when that official's inquiry relates to his own conduct or the requirements of the Code of Ethics with respect to him and not when that inquiry concerns the conduct of another public official.

The terms of ORS 244.280 reflect an intention to provide public officials who were subject to the provisions of the Code of Ethics with a means of determining what action it required of them and what conduct was a violation of its provisions. Subsection (1), providing for opinions on "the requirements of this chapter," provides the mechanism by which public officials may be advised as to what affirmative acts the Code of Ethics requires them to undertake. Thus, for example, an official who wished to know whether he or she was required to file a statement of additional economic interest under ORS 244.070 would properly seek an advisory opinion on the question under subsection (1). Conversely, subsection (2) provides the means by which an official may be advised as to whether actions which he or she was contemplating would be an ethical violation. Thus, for example, an official who wanted to know whether certain conduct constituted use of his office for personal gain would seek an opinion under subsection (2).

Reading ORS 244.280 in this way, it seems clear that, by its enactment, the legislature intended to empower a public official to mandate an advisory opinion only with respect to his or her own affairs. An official is not, by virtue of office, made a watchdog of the affairs of all other public officials. We conclude therefore that the Ethics Commission was not required to issue the advisory opinion requested by petitioner and that it acted lawfully in declining to do

so. Accordingly, petitioner is in the position of any citizen regarding the activity of another public official.

## *Citizen Complaints.*

■ The Commission's handling of complaints by other persons of unethical conduct by a public official is governed by ORS 244.260 which provides:

"(1) Upon its own instigation or signed complaint of any person, the commission may make investigations with respect to statements filed under this chapter or resolution adopted pursuant thereto, alleged failure to file any required statement, or any other alleged violation of any provision of this chapter, and shall report findings together with supporting reasons. In carrying out its duties, the commission may require any additional information, administer oaths, take depositions and issue subpenas to compel attendance of witnesses and the production of books, papers, records, memoranda or other information necessary to carry out the commission's duties under this chapter. If any person fails to comply with any subpena issued under this section or refuses to testify on any matters on which he may be lawfully interrogated, the procedure provided in ORS 183.440 shall be followed to compel compliance.

"(2) The findings of the commission in any investigation shall be made available to the public official who is the subject thereof, to the appointing authority, if any, and to the Attorney General for state public officials and to the appropriate district attorney for local public officials. The findings shall be made available to the Commission on Judicial Fitness in any investigation involving a judge.

"(3) Hearings relating to any charge of alleged violation of this chapter may be held before the commission or before a hearings officer appointed by the commission. The procedure shall be that for a contested case under ORS chapter 183."

Petitioner's contention that all proceedings conducted by the Commission incident to a signed complaint must comport with the contested case provisions of the APA is based upon the mandatory language of subsection (3) which states that the procedure in

hearings relating to any charge "shall be that for a contested case." However, the provisions of subsection (3) only apply once the Commission has determined that a formal investigation of charges made in a compliant should be undertaken. By the use of the word "may" in subsection (1), the decision to launch an investigation is committed to the discretion of the Commission. Thus, the Commission's handling of a complaint under ORS 244.260 is analogous to a district attorney's handling of a criminal complaint. In both instances, the initial decision of whether to press the charge rests in the discretion of the prosecuting body. However, once that body has decided that the charge has substance, procedures designed to protect the rights of the accused attach.

In this case, the Commission's inquiry into petitioner's complaint was of a preliminary nature, intended to determine whether formal investigation was warranted. Since the Commission voted not to take formal action on the complaint, the hearings provisions of subsection (3) never became applicable. We hold therefore that the Commission acted lawfully in dealing with petitioner's complaint.

■ Our conclusion that the Commission's handling of petitioner's complaint did not violate ORS 244.260 does not end the inquiry. Although the statute does not require that any particular procedure be followed in determining whether to investigate a complaint, the Commission has, by rule, imposed certain procedural requirements upon itself:

> "Citizens and public officials, may by signed complaint, request the Commission to investigate violations and infractions of Chapter 72, Oregon Laws 1974. The Commission, on its own instigation may also proceed with an investigation regarding violation and infractions of the Act. Should the Commission decide not to pursue a request for investigation, it must determine that no probable cause exists to justify the investigation, and so inform the complainant." Administrative Rules & Procedures for Oregon's Conflict of Interest Law, § 5 at 11 (September 22, 1975).

Under this rule, whenever the Commission decides not to investigate a complaint, it must do so upon an express determination that the charges made in the complaint are not supported by probable cause and it must so advise the complainant. The Commission failed to do so in this case. Accordingly, we reverse the decision of the trial court and remand to the Ethics Commission with directions that it follow its rule. *Williams v. Joyce,* 4 Or App 482, 506, 479 P2d 513, 40 ALR3d 1272, *rev den* (1971).

Reversed and remanded.