L.KK, J.
Petitioner appeals from the circuit court’s order sustaining a demurrer to his petition to compel the Employment Division to grant him certain back pay.
Accepting the facts as stated in the petition as true, petitioner, a full-time classified employe of the Employment Division, became eligible for an annual merit salary increase of one pay step, or $58 monthly, in January 1973. At that time, the rules of the Personnel Division required and the practice of the Employment Division was that the granting or denial of such merit salary increases be based on the job performance of the employe as measured by an objective written performance appraisal which graded the employe’s performance by means of numerical score. In December 1972, the Employment Division assigned a numerical score of 88 to petitioner’s performance in 1972, and subsequently denied petitioner a salary increase based upon that score. Petitioner contends that the score of 88 was not assigned him on the basis of his performance, but instead was assigned for the purpose of ensuring that petitioner not receive a salary increase. Petitioner contends that his performance in 1972 was more meritorious than the performance of other classified employes of the Employment Division who received merit salary increases based upon their numerical rating.
In July 1975, the Employment Relations Board declared the performance appraisal void for lack of a factual basis to support it, and petitioner shortly thereafter requested that the Employment Division consider a salary increase for him for the period January 1, 1973 to July 1, 1973. The Employment Division, however, has refused to proceed with another performance appraisal on the grounds that they are now unable to do so. Petitioner then brought this suit to compel the Employment Division to grant him a retroactive salary increase of $58 per month for the six months between January 1, 1973 and July 1, 1973.
*[154] ORS 183.490 provides:
"The court may, upon petition as described in ORS 183.480, compel an agency to act where it has unlawfully refused to act, or unreasonably delayed action.”[1]
ORS 183.490 is not designed to allow' a court to compel an agency to exercise its discretion in a particular manner; rather, it is designed to allow a court to compel an agency to exercise its discretion, or to act in accordance either with its statutory obligations or those obligations imposed by agency rule. See, Bay River v. Envr. Quality Comm., 26 Or App 717, 554 P2d 620, Sup Ct review denied (1976). Thus, the question here is whether petitioner is asking that the Employment Division be compelled to perform a discretionary act or an act which does not involve the exercise of discretion.
In this regard, the petition makes four essential allegations: (1) that the Employment Division’s granting or denial of a merit salary increase was based on the numerical score derived from an objective evaluation of an employe’s previous work; (2) that the Employment Division granted merit salary increases to employes with numerical scores above a certain level; (3) that petitioner’s numerical score was improperly formulated; and (4) that had petitioner’s score been properly formulated, he would have been entitled to a merit salary increase based upon that score. If petitioner’s allegations are factually correct— as must be assumed for the purposes of a demurrer— the practice of the Employment Division vis-á-vis merit salary increases was to circumscribe greatly the discretion accorded it by statute in determining which employes are to receive such raises, see ORS 240.430(1), (2)(a)[2] — that is, if an employe received a *[155] numerical score above a certain level, he was entitled to a merit salary increase. Thus, while the Employment Division retained the discretion both to establish the numerical score which would determine eligibility for merit salary increases and to formulate the procedures for arriving at such a score, the Employment Division put itself in a position that it could not exercise its discretion. Assuming that the allegations of the petition are true, the procedure for granting merit salary increases became essentially ministerial in nature.
Under these circumstances, where an agency has chosen to limit its discretion, it may be compelled pursuant to ORS 183.490 to perform an act which otherwise would have been discretionary. Accordingly, the demurrer was improperly sustained.[3]
Reversed and remanded.

In Bay River v. Envr. Quality Comm., 26 Or App 717, 554 P2d 620, Sup Ct review denied, (1976), we held that the proper forum for a petition pursuant to ORS 183.490 is the circuit court.

ORS 240.430(1) and (2)(a) provide:
"In cooperation with appointing authorities, the division shall *[155] establish standards of performance for employes in each class of position in the classified service or for groups of classes, and a system of merit ratings based upon such standards.
"In such manner and with such weight as shall be provided in the rules, merit ratings shall be considered:
"In determining salary increases and decreases within the limits established by law and by the compensation plan.”

 ORS 240.086(2) provides that the Employment Relations Board has authority to review any "personnel action” and to "set aside such action” if it determines the action to be contrary to law or rule. Since the state does not raise the issue, we need not decide whether petitioner had any administrative remedy pursuant to ORS 240.086(2) which he must have exhausted prior to instituting this action pursuant to ORS 183.490. See, Bay River v. Envr. Quality Comm., 26 Or App 717, 554 P2d 620, Sup Ct review denied, (1976).