Argued July 20, affirmed October 22, 1979, reconsideration denied
January 17, petition for review denied February 12, 1980 (288 Or 527)

# WYERS, et al,
*Respondents,*
*v.*
# DRESSLER, et al,
*Appellants,*

# PORTLAND GENERAL ELECTRIC COMPANY,
*Intervenor.*

## (No. A7806-09734, No. 12806)
601 P2d 1268

Dan O'Leary, Portland, argued the cause for respondents. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Frank W. Ostrander, Jr., Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Lee, Presiding Judge, and Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

This case presents a question of administrative law arising from the denial of plaintiffs' petition to the defendant Energy Facility Siting Council (EFSC) for a contested case hearing concerning the site certificate of the Trojan nuclear power plant at Rainier, Oregon. Plaintiffs sought review of defendants' denial of their petition in the Multnomah County Circuit Court. EFSC demurred to the petition for review. The circuit court overruled the demurrer. Following defendants' refusal to plead further, judgment was entered against them. They appeal. We affirm.

The relevant allegations of plaintiffs' amended complaint, which are taken as true for the purposes of this appeal, are that plaintiffs had petitioned EFSC to hold a contested case hearing and that EFSC had denied plaintiffs' petition for a hearing. Plaintiffs assert that EFSC's refusal to hold a hearing was unlawful and unreasonable.

The amended complaint alleged that it was filed "pursuant to ORS 183.490." The plaintiffs sought a judgment " * * * ordering the Energy Facility Siting Council to schedule and to conduct a hearing for the purpose of suspending or revoking the site certificate of the Trojan Nuclear Power Plant * * *."

The circuit court, in granting plaintiff's request for an order pursuant to ORS 183.490, specifically held:

" * * * [The] Energy Facility Siting Council is hereby directed to schedule and to conduct a hearing for the purpose of determining whether the site certificate of the Trojan Nuclear Power Plant should be suspended or revoked * * *."

EFSC assigns a single error on appeal: it maintains that the trial court lacked authority to enter the order in question because, it says, ORS 183.490— the statute pursuant to which the plaintiffs purported to act — applies only to circumstances in which an agency has *failed* to act and is therefore inapplicable to cases such

as this one where the agency *has* acted by denying the request for a hearing.

Two sections of the Administrative Procedures Act, ORS 183.484 and 182.490, are pertinent here. ORS 183.484 provides:

"(1)   Jurisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has his principal business office. Proceedings for review under this section shall be instituted by filing a petition in the Circuit Court for Marion County or the circuit court for the county in which the petitioner resides or has his principal business office.

"* * * * *

"(3)   The petition shall state the nature of the petitioner's interest, the facts showing how the petitioner is adversely affected or aggrieved by the agency order and the ground or grounds upon which the petitioner contends the order should be reversed or remanded. The review shall proceed and be conducted by the court without a jury as a suit in equity, and the court shall have such powers as are conferred upon a court of equitable jurisdiction.

"* * * * *"

ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.480, compel an agency to act where it has unlawfully refused to act, or unreasonably delayed action."

The substance of EFSC's demurrer is an argument to the effect that ORS 183.490 does not grant a circuit court jurisdiction to review the denial of a contested case hearing because such a denial is an "order" as defined in the Act[1] which may be reviewed only pur-

---

[1] ORS 183.310(4) provides:

" 'Order' means any agency action expressed verbally or in writing directed to a named person or named persons, other than employes, officers or members of an agency, but including agency action under ORS chapter 657 making determination for purposes of unemployment compensation of employes of the state and agency action under ORS chapter 240 which grants, denies, modifies, suspends or revokes any right or privilege of such person."

suant to ORS 183.484. EFSC contends that ORS 183.484 affords the administrative agency certain procedural protections not contained in ORS 183.490 and upon which it was entitled to rely. EFSC also contends that the denial of the hearing was a discretionary action and, therefore, not reviewable under ORS 183.490.

■ Plaintiffs contend basically that the denial of the contested case hearing by the EFSC may be reviewed pursuant to *either* ORS 183.484 or 183.490. They further contend that the EFSC had a mandatory duty to hold such a hearing and may be compelled to do so under ORS 183.490.[2]

With regard to EFSC's basic contention that the denial of a contested case hearing may only be reviewed pursuant to ORS 183.484 and not pursuant to ORS 183.490, two 1977 decisions of this Court aid our analysis. In *Lundy v. Morgan*, 31 Or App 151, 154, 570 P2d 84 (1977), we held that:

"ORS 183.490 is not designed to allow a court to compel an agency to exercise its discretion in a particular manner; rather, it is designed to allow a court to compel an agency to exercise its discretion, or to act in accordance either with its statutory obligations or those obligations imposed by agency rule."

In *Lundy*, the plaintiff sought to have the court compel the Employment Division to grant him a retroactive merit salary increase. We found the question to be whether the act sought to be compelled was discretionary or not. We held that, although the agency was vested with discretion by statute, where it had chosen to limit its own discretion it could be compelled to act within the strictures of its own regulations pursuant

---

[2] Plaintiffs also contend that the EFSC denial of a hearing was not an "order" as contemplated by the statute, but this court has held that the denial of a contested case hearing in other contexts is an order appealable pursuant to ORS 183.484. *See Buena Dairy Associates v. State Department of Agriculture*, 25 Or App 381, 549 P2d 689 (1976); *Northwest Environmental Defense Center v. Mid-Willamette Air Pollution Authority*, 16 Or App 638, 519 P2d 1271 (1974).

to ORS 183.490. *Lundy v. Morgan, supra,* 31 Or App at 155.

The question was framed in similar terms in *Fadeley v. Oregon Government Ethics Commission,* 30 Or App 795, 568 P2d 687 (1977), in which plaintiff sought to require the Ethics Commission to hold a hearing regarding a complaint he had filed. We held that the Commission's decision not to investigate the complaint was discretionary and, therefore, not within the ambit of ORS 183.490. We went on to note, however, that the Commission was required by its own regulations to make a finding of no probable cause to justify an investigation before deciding not to investigate a complaint. In other words, the Commission had a mandatory duty contained in its own regulations to make certain findings which it had not made. Under ORS 183.490, a court could compel the agency to comply with the mandatory requirements of its own regulations where it had not done so.

■ ■ As we read these two cases, ORS 183.490 authorizes review in the circuit court not only of a total failure on the part of an agency to act but also of a failure to act in accordance with a statutory or regulatory duty. In the present case this would mean that, if the EFSC's denial of the contested case hearing was a discretionary act, then it is not reviewable pursuant to ORS 183.490. On the other hand if, as a matter of the substantive law and regulations governing the EFSC, it has a mandatory duty to hold such a hearing, then the circuit court could order it to do so pursuant to ORS 183.490.

This interpretation of ORS 183.490, which contemplates that it could allow review of agency orders when in contravention of the agency's legal duty, is supported by the language of ORS 183.480, which states:

"(1)  Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether

such order is affirmative or negative in form, under this section and ORS 183.490 and 183.500 * * *.

"(2) Judicial review of final orders of agencies shall be solely as provided by ORS * * * 183.490 * * *."

This section clearly contemplates that there might be review pursuant to ORS 183.490 of an order, and does not support defendants' contention that 183.490 was intended to grant jurisdiction only when there had been no agency action whatsoever.

Under our interpretation of ORS 183.490, the trial court's overruling of defendants' demurrer is correct. Plaintiffs alleged in their Amended Complaint that the EFSC had a statutory duty to hold the contested case hearing and refused to do so. After their demurrer was overruled defendants declined to plead further and a judgment on the pleadings was entered in favor of plaintiffs. The question of whether the judgment in favor of plaintiffs was correct as a matter of law depends on whether the EFSC does have a mandatory duty to hold the requested hearing or whether, as defendants contend, the decision was discretionary. This requires interpretation of ORS ch 469 and the regulations issued by the EFSC itself.

The question of whether or not there is a mandatory duty to hold a hearing must be answered by looking at ORS 469.300 *et seq* and at the regulations promulgated pursuant thereto. Plaintiffs first argue that there is a mandatory duty on the basis of ORS 469.470, which states:

"The council *shall:*

" * * * * *

"(7) Perform such other and further acts as may be necessary, proper or desirable to carry out effectively the duties, powers and responsibilities of the council described in ORS 469.300 to 469.570 and 469.992." (Emphasis added.)

Plaintiffs read this section in conjunction with ORS 469.320, which states,

" * * * no energy facility shall be constructed or

[805]

expanded unless a site certificate has been issued for the site thereof * * *.",

and with ORS 469.370, which requires the holding of public hearings " * * * on the application for a site certificate," to create a requirement that the EFSC hold a contested case hearing in the present case. Although not expressed in precisely these terms in plaintiffs' brief, plaintiffs' argument seems to be that the plant's operator has a legal obligation to apply for a new site certificate and its failure to do so does not relieve the EFSC of the duty to hold a hearing. Plaintiffs' reading of ORS 469.470, 469.320 and 469.370 may be a permissible one, but it is difficult to believe that the legislature would choose such a convoluted way of requiring a hearing on a claimed violation of the statute or conditions of the certificate. We view ORS 469.470(7) as being a provision *allowing* the EFSC to act, rather than directing any specific action, even though it is couched in mandatory language.

■    Plaintiffs also argue that the EFSC is empowered to revoke or suspend the present site certificate for violations of statute or of the conditions under which the certificate was issued, ORS 469.440.[3] They contend that PGE's storage of spent fuel rods in greater numbers and for longer periods of time than specified in its site certificate is a violation of the conditions of that certificate as well as a violation of the provisions of ORS 469.525 which prohibits the establishment of any waste disposal facility for radioactive material within the state.

---

[3] ORS 469.440 provides:

"Pursuant to the procedures for contested cases in ORS chapter 183, a certificate may be revoked or suspended:

"(1)  For any breach of a warranty; or

"(2)  For failure to maintain safety standards or to comply with the terms or conditions of the certificate; or

"(3)  For violation of the provisions of ORS 469.300 to 469.570 and 469.992 or rules adopted pursuant to ORS 469.300 to 469.570 and 469.992."

The problem with relying on ORS 460.440 is apparent: The statute states that the EFSC "may" revoke or suspend the certificate of a facility in violation, but does not require that it do so, nor does it require that a hearing be held to decide whether or not to do so. EFSC action pursuant to ORS 460.440 is therefore discretionary, and not subject to an order under ORS 183.490.

In sum, we find no basis for implying a duty to hold a hearing from the combined reading of several sections of ORS ch 469, and there is no express requirement.

There may, however, be a mandatory duty found in the regulations promulgated by the EFSC. Oregon Administrative Rules, ch 345, Division 26, is entitled "Construction and Operation Rules for Thermal Power Plants." OAR 345-26-145 states:

> "The site shall not be used for any purpose other than the production of electrical power and those purposes specified in the site certificate without prior approval of the Council."

Plaintiffs' Amended Complaint alleges that Trojan's owner is using the site for a purpose other than those specified in the site certificate, *i.e.*, the permanent storage of spent fuel rods rather than the temporary storage contemplated in the original certificate. The EFSC has further provided in its regulations that:

> "The Council may, either upon written application or its own motion, waive or delay compliance with any of these rules as applied to a specific site, if *after a public hearing*, it concludes that such action will not result in injury to the public health, safety, or welfare." (Emphasis supplied.) OAR 345-26-200

■ ■ An agency which is vested with discretion by statute may limit its own discretion in its regulations. *Lundy v. Morgan,* 31 Or App 151, 570 P2d 84 (1977); *Fadeley v. Oregon Government Ethics Commission,* 30 Or App 795, 568 P2d 687 (1977). When it has limited its discretion it may be compelled, pursuant to

[807]

ORS 182.490, to act in accordance with its self-imposed limitations.

■ We find the logic of *Lundy* and *Fadeley* equally persuasive here. OAR 345-26-145 requires that a site be used in accordance with the authorization in the site certificate. OAR 345-26-200 permits a waiver of that requirement, but only after a public hearing. According to plaintiffs' complaint, no such hearing has been held and the owner is not utilizing Trojan in accordance with its site certificate. Defendants' demurrer admits these allegations. ORS 183.490 applies. A hearing must be held.[4]

The judgment of the circuit court is affirmed.

---

[4] We note that the hearing contemplated by OAR 345-26-200 is not denominated a "site certification hearing." Rather, it is a hearing concerning an existing certificate. We construe the order of the circuit court in this case to have done no more than to require the kind of hearing contemplated by OAR 345-26-200.