Argued and submitted August 20, former opinion filed
September 8 (48 Or App 1, 615 P2d 1209), former
opinion withdrawn, reversed and remanded October 27, 1980

GILL,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION, et al,
*Respondents.*

(No. 80-AB-72, CA 16970)

618 P2d 1285

Cynthia Phillips, Certified Law Student, North-western Legal Clinic, Portland argued the cause for petitioner. On the brief were Richard A. Slottee, Supervising Attorney, and Kathleen West, Legal Intern, Northwestern Legal Clinic, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent Employment Divi-

sion. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent Randolph E. Price, D.D.S.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In this unemployment compensation case, petitioner seeks judicial review of an order of the Employment Appeals Board (Board) denying her unemployment compensation benefits under ORS 657.176(2)(a), which provides:

"* * * * *

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work, * * *

"* * * * *

the individual shall be disqualified from the receipt of benefits * * *."

We hold that the Board came to its decision based upon evidence which, under its own rules, it was not entitled to consider, and therefore reverse.

Petitioner was employed by the respondent, Dr. Randolph E. Price, as a dental hygienist from March 15, 1979, to October 11, 1979. She worked from 9 a.m. to 5 p.m., two days a week. Dr. Price practiced dentistry in Hood River, Oregon, where petitioner also lived until August, 1979, when she moved to Portland. After the doctor terminated her employment, she sought unemployment compensation, which was denied to her at the administrative level. She requested a hearing before a referee.

The hearing before the referee was conducted by telephone. The referee and the claimant were in Portland; Dr. Price was represented by his secretary and another party in Hood River. Price did not himself take part in the hearing.

The testimony in the hearing was concerned primarily with petitioner's record of tardiness. The question was whether petitioner had been tardy on occasion and, if she had, whether such tardiness constituted misconduct justifying termination. It was obvious throughout the hearing that the principle witness for Dr. Price was testifying partly from her own knowledge and partly from information she had

received from Dr. Price. This was made most clear toward the end of the hearing when the following exchange took place:

"\* \* \* \* \*

"REFEREE: Is there anything further you [the principal witness for Dr. Price] would like to state on behalf of Dr. Price?

"[THE WITNESS]: Yes. Just that I do not think that it was because of her tardiness and also the days she was absent just working two days a week really didn't account for the days that she was out.

"REFEREE: Well, I don't understand that last part.

"[THE WITNESS]: Oh - OK, well, she only works two days out of a week. Right?

"REFEREE: Alright.

"[THE WITNESS]: OK, sometimes - like she had said - it was one day that she was out a week. And - I don't know. That piled on top of the tardiness, I think, would be Dr. Price's main reason for letting her go.

"REFEREE: Did Dr. Price actually tell you, specifically, that his reason was because of her attendance?

"[THE WITNESS]: Yes he did."

■ ■ Dr. Price was the employer, and Dr. Price's motivation in firing the petitioner is the question here. Under these circumstances, the testimony of some other person as to what Dr. Price's reasons were in firing the petitioner was hearsay evidence. At the time of this hearing, there was in effect OAR 471-40-020(2), a rule of the Employment Appeals Board, which provided:

"(2) \* \* \* *Under no circumstances* shall any irrelevant, immaterial or *hearsay* evidence received under this rule, or otherwise appearing in the record, be used as a basis for finding of fact or decision."

In the present case, the referee and the Board could not have reached a decision concerning the reason for which the petitioner was fired without resorting to hearsay evidence. Under the Board's own rule, this was improper. While hearsay evidence can, as a general rule, be considered in administrative cases, *see* ORS 183.450(1), the Board has by rule set

for itself a more stringent evidentiary contraint than the law otherwise imposes. Having made more stringent rules, it must obey them. *Wyers v. Dressler* 42 Or App 799, 601 P2d 1268 (1979).

Reversed and remanded.