On respondents' petition for reconsideration filed November 26,
former opinion filed September 8 (48 Or App 1, 615 P2d 1209) withdrawn,
reversed and remanded October 27, 1980 (48 Or App 973, 618 P2d 1285),
reconsideration allowed, former opinion withdrawn, affirmed January 19,
reconsideration denied February 26,
petition for review denied March 17, 1981 (290 Or 651)

GILL,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(No. 80-AB72, CA 16970)

622 P2d 749

James M. Brown, Attorney General, John R. McCulloch,
Jr., Solicitor General, William F. Gary, Deputy Solicitor
General, and Al J. Laue, Assistant Attorney General,
Salem, for petition.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

GILLETTE, P. J.

In our prior opinion in this case, *Gill v. Employment Division,* 48 Or App 973, 618 P2d 1285 (1980), we ruled that the Employment Appeals Board's affirmance of an Employment Division disqualification of petitioner for unemployment compensation benefits was invalid because the Board had received and considered evidence which was inadmissible under one of the Board's own rules. The rule in question was one which the petitioner urged had been followed. The Division, in its respondent's brief, did not deny that the particular rule in question was applicable, but simply argued that all the evidence in the record was properly considered. On oral argument, counsel for the Division even acknowledged that the rule created a serious problem for his position.

The Division now seeks review claiming, for the first time, that the rule in question was not in effect at the times pertinent to this case after all. The rule had been superseded by a later rule, OAR 471-40-025(5), which provides:

"(5) *Irrelevant, immaterial or unduly repetitious evidence shall be excluded but erroneous rulings on evidence shall not preclude the referee from entering a decision unless shown to have substantially prejudiced the rights of a party. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of serious affairs shall be admissible.* If a question of privilege arises, the referee shall fully and clearly inform the party of his rights as to such privilege and deal with procedural problems created by the existence of such issue in a way which protects the party's right to a fair hearing. Objections to evidentiary offers may be made and shall be noted in the record. Any part of the evidence may be received in written form. Documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference." (Emphasis supplied.)

The Division's petition for reconsideration states,

"* * * Counsel for the Division failed to point out to the Court in its brief or oral argument that the rule relied upon by the petitioner was not in effect at the time of the hearing in this matter. In light of this lapse upon the part of the [Division,] this Petition for Review is particularly addressed to reconsideration by the Court of Appeals."

Without suggesting where fault may lie—and we perceive enough to go around—the fact is that we have decided this case upon an improper basis. Under the appropriate rule, all of the evidence taken at the hearing was admissible. Taken as a whole, the record therefore contains substantial evidence to support the Employment Appeals Board's decision in this case. Accordingly, our former opinion is withdrawn and the order of the Employment Appeals Board is affirmed.

Former opinion withdrawn. Affirmed.