Argued and submitted January 22, affirmed March 14, 1990

# BAILEY,
*Petitioner,*

*v.*

# BOARD ON POLICE STANDARDS
# AND TRAINING,
*Respondent.*

(19532; CA A60784)

788 P2d 1022

Inge D. White, Roseburg, argued the cause for petitioner. With her on the brief was Dole, Coalwell & Clark, P.C., Roseburg.

Meg Reeves, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Petitioner seeks review of an order of the Board on Police Standards and Training (BPST) that denied his application for a basic police certificate. We affirm.

Petitioner was hired as a police officer by the Myrtle Creek Police Department in April, 1987. He was discharged in November, 1987. In April, 1988, he requested a hearing to determine his eligibility for certification and argued that his discharge was not for cause. After a hearing, BPST found that, between 1970 and 1985, petitioner "repeatedly engaged in [nonconsensual] deviate sexual conduct * * * with his [mentally impaired] brother" and that the conduct "created a danger or risk to the efficient operation of the department"[1] and "constituted a gross deviation from the standard of care that a reasonable officer would observe." It concluded that petitioner had been discharged for cause, and denied his request for certification pursuant to ORS 181.662.

ORS 181.662(2) provides, in relevant part:

"The board shall deny * * * the certification of any police officer * * * after * * * hearing, based upon a finding that:

"(a)   The officer has been discharged for cause from employment as a police officer * * *."

OAR 259-10-055(21)(b) provides, in relevant part:

" '[D]ischarged for cause', means an employer initiated termination of employment for any of the following reasons:

"(A)   'Gross Negligence' means where the officer's act * * * creates a danger or risk * * * to the efficient operation of the department, recognizable as a gross deviation from the standard of care that a reasonable officer would observe in a similar circumstance * * *."

BPST interpreted its definition of gross negligence as

---

[1] BPST stated:

"A. If known to the community, [petitioner's] past sexual acts will prevent him from enjoying the trust and confidence of the community generally and of victims of sexual assault in particular.

"B. [Petitioner's] reputation for unusual sexual conduct is actually known in the community.

"C. To the extent that knowledge of [petitioner's] conduct is not already known in the community, the risk that it may become known constitutes a danger or risk to the efficient operation of the department."

not excluding pre-employment conduct that could have a post-employment effect on the officer or his service. Although the meaning of the rule is a question of law for the court, *see Mershon v. Oregonian Publishing,* 96 Or App 223, 225, 772 P2d 440, *rev den* 308 Or 315 (1989), BPST's interpretation is entitled to some deference, especially in light of the fact that the legislature has given it a broad mandate to promulgate the rules necessary to carry out its duties and powers. *See* ORS 181.640(5); *1000 Friends of Oregon v. LCDC (Lane Co.),* 305 Or 384, 389-90, 752 P2d 271 (1988).

We agree with BPST that the rule can be read in that manner. The phrase "officer's act" in OAR 259-10-055(21)(b) identifies the person and the act that are the subject of the inquiry. The rule does not expressly state when the "act" must occur. The pre-employment act of an officer could subsequently "create" a present "danger or risk" to the "efficient operation of the department." In the light of BPST's mandate to establish "reasonable minimum standards of * * * moral fitness," ORS 181.640(1)(a), there is no reason why an officer's pre-employment acts could not be judged by the "standard of care that a reasonable officer would observe in a similar circumstance." We cannot say that BPST's interpretation is erroneous or inconsistent with ORS 181.662(2)(a) or the rule itself, and we therefore accept it. *See* ORS 183.482(8); *Mershon v. Oregonian Publishing, supra,* 96 Or App at 226; *see also* ORS 181.640(1)(a), (d).

Because BPST properly denied petitioner certification under OAR 259-10-055(21)(b), we do not reach petitioner's argument that it erred in alternatively relying on OAR 259-10-055(21)(c).[2]

Affirmed.

---

[2] OAR 259-10-055(21)(c) provides, in relevant part:

"(c) Upon request of the hiring authority having employed the officer, the Board may revoke the certification of any police officer, * * * based upon a finding that the officer has committed a felony, sexual misconduct as defined in ORS 163.445, false swearing as defined in ORS 162.075 or unsworn falsification as defined in ORS 162.085."