Argued and submitted February 26, affirmed August 29, 1990

# OREGON SCHOOL
# EMPLOYEES ASSOCIATION,
*Petitioner,*

*v.*

# SALEM-KEIZER SCHOOL DISTRICT 24J,
*Respondent.*

## (UP-135-86; CA A48906)

797 P2d 375

Michael J. Tedesco, Portland, argued the cause for petitioner. On the brief were Nancy G. Neslund, Clayton C. Patrick and Paul B. Meadowbrook, Salem.

Mark B. Comstock, Salem, argued the cause for respondent. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner (OSEA) requests review of an Employment Relations Board (ERB) order dismissing its unfair labor practice complaint against respondent (district). ORS 183.482. We affirm.

District employed Grimes as a custodian, a classified employee, from 1974 until his termination in 1985. He reached the compulsory retirement age of 70 in 1983. Under *former* ORS 237.133,[1] he requested district to continue his employment. It granted his request after he passed a medical examination. On September 12, 1985, he was injured when he fell from a ladder at work. On September 13 he lost consciousness at work and collapsed. He filed a workers' compensation claim for his injuries. District conditioned its permission for him to continue employment for the remainder of the 1985-86 school year on another medical examination, which he took with satisfactory results. District, however, retired him on October 24, 1985.

Grimes filed a grievance for his termination. The grievance proceeded to arbitration. In preparation for the hearing, OSEA asked district to provide ·

---

[1] *Former* ORS 237.133(1) (*repealed by* Or Laws 1987, ch 898 § 20) provided:

"(a) An employee who is a member of the system and reaches the age of compulsory retirement may submit a request in writing to the employer to be continued in service beyond the age of compulsory retirement. The administrative head of the employer may retain such employee beyond the age of compulsory retirement, if the administrative head determines, and states in a written notice to the employee, the reason that continued service after reaching the retirement age would be in both the employer's interest and the public interest. A copy of such notice shall forthwith be transmitted to the board. No employee who is a member of the system shall be continued in service under this subsection after the employee reaches the age of 75 years.

"(b) No employer or administrative head thereof shall adopt or enforce any general policy that all its employees affected by this subsection shall be or shall not be continued in service; but each employer shall make its decision upon the merits of the case of each individual employee affected.

"(c) Any employee continuing in employment past compulsory retirement age as provided in this subsection may be retired at any time after reaching compulsory retirement age and prior to reaching the age of 75 years if the administrative head of the employer determines, and states in a written notice to the employee and the board, the reason that continued service would not be in either the employer's interest or the public interest. Retirement under this paragraph is not subject to appeal. The continuance of any employee in employment past compulsory retirement as provided in this subsection shall be reviewed annually by the administrative head of the employer until the employee reaches the age of 75 years."

"immediate access to, or copies of, medical reports, observations, and records in [its] possession concerning bargaining unit members considered or determined to have medical or psychological conditions posing some work risk during the last five years."

The request encompassed the workers' compensation files of at least 700 bargaining unit employees. District did not respond to the request, and OSEA filed an unfair labor practice complaint in May, 1986, alleging that district had failed to bargain in good faith. ORS 243.672(1)(e).[2] ERB dismissed that complaint. Its order stated that OSEA had to explain the relevance of the requested information before district had a duty to provide it, because its probable or potential relevance was not apparent from the request itself.

OSEA revised its request and asked that district provide

"access to classified employee workers' compensation claim files for the period June 2, 1981 to November 24, 1986."

In a letter to district it also tried to explain the relevance of that information. When district still did not produce the files, OSEA filed another unfair labor practice complaint alleging that district had failed to bargain in good faith. ERB dismissed the complaint, because it found that the information requested had no probable or potential relevance. OSEA filed a request for reconsideration; ERB ruled on it without changing its previous order. OSEA has petitioned for review.

OSEA assigns as error ERB's finding that district did not fail to bargain in good faith when it failed to respond to OSEA's second discovery request. OSEA argues that the duty to supply information is part of the duty to bargain in good faith, subject to the threshold requirement, which neither party disputes, that the requested information must have probable or potential relevance to the contract issue. OSEA also asserts that it narrowed the scope of its first request and

[2] ORS 243.672(1) provides, in part:

"It is an unfair labor practice for a public employer or its designated representative to do any of the following:

"* * * * *

"(e) Refuse to bargain collectively in good faith with the exclusive representative."

explained why the information was relevant. ERB ruled that OSEA did not show the probable or potential relevance of the information and that the request was overbroad.

■ ■ OSEA's second request, like its first, is too broad. Moreover, its explanation of relevance does not support so extensive a request. It asserted that it needed the records of all classified employees who, within the period indicated, had claimed a compensable injury and had received medical clearance to return to work, in order to determine whether district discharged Grimes contrary to the medical standards that it had applied to other classified employees. Grimes, however, was beyond the compulsory retirement age, and district employed him subject to the provisions of *former* ORS 237.133. The records of employees who were not subject to that statute are not relevant to Grimes's case. They would not tend to make the existence of any fact of consequence to the arbitration more or less probable than it would otherwise be. *See* OEC 401. ERB, therefore, did not err when it ruled that district did not violate ORS 243.672(1)(e).

■ OSEA also assigns as error that ERB determined the merits of the complaint without holding a hearing, in violation of ORS 243.676(1)[3] and the Administrative Procedures Act provisions governing contested cases. ORS 183.310(2)(a)(A); ORS 183.415; ORS 183.450. ERB must investigate a complaint in order to determine whether an issue of fact or law exists and, if it finds none, it may dismiss the complaint. ORS 243.676(1); OAR 115-35-020. If no hearing is required, the contested case procedures of the Administrative Procedures

---

[3] ORS 243.676 provides in part:

"(1) Whenever a written complaint is filed alleging that any person has engaged in or is engaging in any unfair labor practice listed in ORS 243.672(1) and (2) and 243.752, the board or its agent shall:

"* * * * *

"(b) Investigate the complaint to determine if a hearing on the unfair labor practice charge is warranted. If the investigation reveals that no issue of fact or law exists, the board may dismiss the complaint; and

"(c) Set the matter for hearing if the board finds in its investigation made pursuant to paragraph (b) of this subsection that an issue of fact or law exists.

"* * * * *

"(3) Where the board finds that the person named in the complaint has not engaged in or is not engaging in an unfair labor practice, the board shall:

"(a) Issue an order dismissing the complaint * * *."

Act do not apply. *See Fadeley v. Oregon Government Ethics Commission,* 30 Or App 795, 801, 568 P2d 687 (1977).

■ ERB determined that OSEA had not shown the probable or potential relevance of the information that it had requested and, therefore, that no issue of fact or law existed. That determination is within ERB's authority. Accordingly, it could dismiss the complaint without a hearing, and the provisions of ORS chapter 183 governing contested case procedures do not apply.

■ OSEA also argues that ERB improperly took official notice of its order that dismissed the first complaint, because OSEA did not receive notice of ERB's intent to take official notice. *See* ORS 183.450(4).[4] OSEA contends that, in that way, ERB avoided developing a factual record in the case here. Even though contested case procedures do not apply, ERB's agent sent OSEA a letter of intent to dismiss the second complaint; it discussed and quoted from the order in the first case and the facts found in that order. By responding to the letter, OSEA, therefore, had an opportunity to contest the facts that ERB officially noticed. OSEA did not do so.

Affirmed.

---

[4] ORS 183.450(4) provides:

"Agencies may take notice of judicially cognizable facts, and they may take official notice of general, technical or scientific facts within their specialized knowledge. Parties shall be notified at any time during the proceeding but in any event prior to the final decision of material officially noticed and they shall be afforded an opportunity to contest the facts so noticed."