Argued and submitted April 16, affirmed August 4, 1993

Gordon R. MARTIN,
*Appellant,*

*v.*

STATE OF OREGON,
by and through the
OREGON DEPARTMENT OF TRANSPORTATION,
an agency of the State of Oregon,
and City of Tigard, a municipal corporation,
*Respondents.*

(91C-10659; CA A74234)

857 P2d 225

Charles D. Ruttan, Portland, argued the cause for appellant. With him on the brief were G. Kenneth Shiroishi, I. Kenneth Davis, and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem. Charles E. Corrigan and O'Donnell, Ramis, Crew & Corrigan, Portland, joined in the brief for respondent City of Tigard.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Petitioner seeks review of a circuit court judgment affirming an order of the Oregon Department of Transportation (ODOT) in other than a contested case. ORS 183.484; ORS 183.500. We affirm.

In August, 1989, the city of Tigard (the city) applied to ODOT for a permit to improve a road. ODOT granted the permit, which specified a completion date of September, 1990. Because of unforeseen difficulties in obtaining the right-of-way, the project was delayed. Approximately four months after the completion date had passed, the city requested an extension. On February 20, 1991, ODOT issued an order granting an extension until October 31, 1991.

Petitioner, who owns a parcel of land that would be subject to assessment for the costs of the project, filed a "complaint" in the circuit court on April 5, 1991, against ODOT and the city.[1] His first claim sought a declaration that when the permit expired it became null and void, and that the purported extension was of no legal effect. His second claim sought an injunction against ODOT and the city, preventing them from taking any action under color of the permit. He also asserted a claim for attorney fees.

ODOT moved to dismiss the complaint on the ground that, because petitioner's claims challenged ODOT's order in other than a contested case, the exclusive remedy was under the Administrative Procedures Act (APA). ORS 183.310 *et seq.* Petitioner did not dispute that the APA was his exclusive remedy, but contended that his complaint could be treated as a petition for judicial review, or, alternatively, that he should be permitted to amend. The trial court ruled that the complaint would be treated as a petition for judicial review of the order extending the permit. ODOT and the city

---

[1] This appeal is part of plaintiff's ongoing effort to prevent the road improvements. Plaintiff previously challenged the formation of the Local Improvement District (LID), created by city to assess the costs of the project, by writ of review to the circuit court, and then by appeal to this court. We found the challenges to the formation of the LID without merit, but remanded the case because a portion of the project was not within the legal boundaries of the LID. *Martin v. City of Tigard*, 78 Or App 181, 714 P2d 1115 (1986). On a subsequent appeal, again challenging the validity of the LID, we affirmed without opinion. *Martin v. City of Tigard*, 101 Or App 676, 792 P2d 117 (1990).

then moved separately for summary judgment on the ground that they were entitled to judgment as a matter of law, and the trial court granted the motions.

No party challenges the trial court's ruling that it would treat petitioner's complaint as a petition for judicial review, or its resolution of the matter by means of summary judgment. *See Fadeley v. Ethics Comm.*, 30 Or App 795, 568 P2d 687 (1977).

■ Petitioner contends that ODOT's order extending the city's permit after the completion date had passed was inconsistent with an ODOT rule, OAR 734-50-050(4):

"If the applicant fails to complete installation of the facility covered by the permit within the period specified in the permit, *the permit shall be deemed null and void and all privileges thereunder forfeited, unless a written extension of time is obtained from the District Engineer.*" (Emphasis supplied.)

Petitioner argues that under the plain meaning of the rule, the city's permit became void when the completion date passed. He contends that the permit "became a nullity, incapable of revival thereafter."

ODOT interprets and previously has applied OAR 734-50-050(4) to mean that a written extension of time can be obtained from the district engineer after the completion date on a permit, as long as the plans and relevant circumstances have not changed. It construes the word "deemed" in the rule as meaning "considered" or "treated as if," a construction consistent with the definition in *Black's Law Dictionary* 374 (5th ed 1979). ODOT construes the rule to mean that a permit must be treated as if it is void, "*unless* a written extension of time is obtained." Petitioner's reading of the rule overlooks that phrase. Once an extension is obtained, the permit need no longer be treated as if void. The rule is silent on whether an extension could be obtained *after* the permit expired, as here, or whether it had to be obtained *before* the permit expired.

■■ ODOT has construed the rule to allow extensions to be sought and granted after expiration of a permit, but only if the project plans and relevant circumstances have not changed. We grant considerable leeway to an agency to interpret its own rules, especially when the legislature has given it

a broad mandate to promulgate the rules necessary to carry out its duties and powers. *Bailey v. Board on Police Standards*, 100 Or App 739, 742, 788 P2d 1022 (1990). Where, as here, that construction is reasonably consistent with the rule and underlying statutes, we defer to ODOT's construction of its own rule. *Beverly Enterprise, Inc. v. Senior Services Div.*, 106 Or App 739, 745, 809 P2d 1360 (1991). The court did not err by granting summary judgment.

Affirmed.