Argued and submitted February 3, affirmed August 18, 1993

In the Matter of the Compensation of
Tor J. East, Claimant.

SISTERS OF PROVIDENCE
and Aetna Casualty and Surety Company,
*Petitioners,*

*v.*

Tor J. EAST,
*Respondent.*

(WCB 91-01861; CA A73920)

858 P2d 155

Ronald M. Johnson, Portland, argued the cause for petitioners. With him on the brief was Scheminske & Lyons, Portland.

Anthony Allen, Salem, argued the cause for respondent. On the brief was Jean Fisher LeBoux, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Employer seeks review of a Workers' Compensation Board (Board) order that held that employer could not stay payment of permanent partial disability benefits pending an order on reconsideration and awarded attorney fees and penalties. We affirm.

In 1990, claimant filed an aggravation claim based on a 1988 compensable injury. The claim was closed on December 6, 1990, by determination order issued by the Department of Insurance and Finance (DIF) awarding additional time loss benefits and 20 percent unscheduled permanent partial disability (PPD). On December 13, 1990, employer requested reconsideration of the determination order and requested designation of a medical panel for evaluation of claimant's impairment by DIF. On February 13, 1991, claimant requested a hearing at the Board after employer had failed to pay his benefits within 30 days of the December 6, 1990, determination order, as required by OAR 436-60-150(6). On May 6, 1991, DIF issued its order on reconsideration, which reduced claimant's unscheduled PPD award from 20 percent to 8 percent. Employer claims, that pursuant to ORS 656.313, payment of claimant's benefits was stayed until DIF issued its order on reconsideration.

The referee concluded that employer was not entitled to stay payment of benefits pending reconsideration of the determination order. In addition, he determined that he had jurisdiction to assess penalties and attorney fees and awarded claimant attorney fees and assessed penalties for employer's unreasonable refusal to pay claimant's benefits. On reconsideration, the referee again ordered employer to pay claimant his time loss benefits and 20 percent unscheduled PPD from the date of the determination order, December 6, 1990, to the date of the order on reconsideration, May 6, 1991, and to pay penalties. The Board affirmed and adopted the referee's order.

■ We review the Board's order for errors of law. *Bailey v. Board on Police Standards*, 100 Or App 739, 788 P2d 1022 (1990); ORS 183.482(8)(a). Employer assigns error to the Board's conclusion that OAR 436-60-150(6)(c) and ORS 656.313 do not conflict. OAR 436-60-150(6) provides, in relevant part:

"Permanent disability benefits shall be paid no later than the 30th day after:

"* * * * *

"(c)   The date of any department order which orders payment of compensation for permanent partial disability * * * unless the order has been appealed by the insurer pursuant to ORS 656.313. *A request for reconsideration of a determination order does not stay payment of permanent partial disability compensation * * * ordered.*" (Emphasis supplied.)

ORS 656.313(1) provides, part:

"(a)   Filing by an employer or the insurer of a *request for hearing on a reconsideration order or a request for board review or court appeal, stays payment of the compensation appealed * * *.*" (Emphasis supplied.)

■   The Board held that the rule and the statute plainly say what they mean and do not conflict: OAR 436-60-150(6) applies to *requests for reconsideration*, while ORS 656.313 applies to hearing, board or court review of a *reconsideration order*, among other things. We agree. A request for reconsideration of a determination order by DIF is not the same as review of an order on reconsideration. OAR 436-60-150(6) applies to the period *before* an order on reconsideration is issued. ORS 656.313(1) applies to the review process *after* the order on reconsideration has been issued.

■   DIF issued a determination order on December 6, 1990. Employer requested a reconsideration of the determination order by DIF on December 13, 1990. Thus, OAR 436-60-150(6) applies and employer was required by statute to pay claimant's benefits for time loss and 20 percent unscheduled PPD within 30 days of the date of the determination order.

Employer also assigns error to the Board's holding that it had jurisdiction to assess penalties and attorney fees. It claims that only the Director has jurisdiction. ORS 656.708 provides, in part, that the hearings division of the Board "has the responsibility for providing an impartial forum for deciding all cases, disputes and controversies * * * regarding *matters concerning a claim.*" (Emphasis supplied.) When the employer has unreasonably delayed payment and the issue is

"*solely* the assessment and payment of the additional amount," ORS 656.262(10)(a) provides that "the Director shall have exclusive jurisdiction over [the] proceedings." (Emphasis supplied.) ORS 656.262(10)(b) provides:

> "*When the Director does not have exclusive jurisdiction* over proceedings regarding the assessment and payment of the additional amount described in this subsection, *the provision for attorney fees provided in this subsection shall apply in the other proceeding.*" (Emphasis supplied.)

■ The main issue in dispute was claimant's right to receive the compensation awarded by the determination order. The referee had statutory authority to assume jurisdiction for assessing penalties and attorney fees pursuant to ORS 656.704(3)[1] and ORS 656.708. The Board properly concluded that the proceeding was not one "regarding solely the assessment and payment of the additional amount described in this subsection." ORS 656.262(10)(a).

■ Employer's second assignment of error is to the Board's finding that employer acted unreasonably and for assessment of penalties and attorney fees. The Board found the employer's failure to pay benefits before DIF issued its order on reconsideration was unreasonable in light of the plain language of OAR 436-60-150(6)(c). The determination order awarded payment for a disability. Regardless of the final rate of payment in the order on reconsideration, employer had a duty to make payments to claimant within 30 days of the date of the determination order. *See Georgia-Pacific v. Piwowar*, 305 Or 494, 506, 753 P2d 948 (1988). The Board did not err in awarding penalties and attorney fees.

Affirmed.

---

[1] ORS 656.704(3) provides:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim under this chapter are those matters in which a workers' right to receive compensation, or the amount thereof, are directly in issue.* However, such matters do not include any proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter." (Emphasis supplied.)