Argued and submitted May 15, affirmed June 21, 1995

Nicholas J. LECHNER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Southwestern Motors, Inc.,
*Respondents.*

(94-AB-2215; CA A86251)

897 P2d 1194

Jacques P. DePlois argued the cause and filed the brief for petitioner.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

Martin E. Stone waived appearance for respondent Southwestern Motors, Inc.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Claimant seeks review of an order of the Employment Appeals Board, contending that EAB erred in denying him unemployment compensation benefits on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c). We write only to address claimant's third assignment of error, that EAB erred in its interpretation of OAR 471-30-038(5)(d), and affirm.

Claimant began working in the parts department of employer, Southwestern Motors, Inc., in July 1993. He was paid $7.50 per hour. Although he was soon promoted to parts department manager, his wage remained unchanged until March 1994, when he was able to negotiate a raise because another automobile dealership had offered him a similar position at a salary of $1,850 per month. On March 15, 1994, employer began paying claimant a salary of $1,650 per month, plus the use of a "demo vehicle," a new pickup truck from employer's inventory. On Friday, July 15, 1994, employer asked claimant to return the pickup truck because it had accumulated 5,000 miles and was to be returned to inventory. Employer also informed claimant that he would not receive a replacement vehicle, because employer's financial situation necessitated cutbacks. Claimant requested that his salary be increased by $200 per month to compensate for his loss of use of the truck, but employer denied that request, because several other employees were facing pay reductions.

Because claimant's own automobile was not operable, he called his mother-in-law for a ride home that Friday evening, after discussing some arrangements with employer for a ride to work with a coworker the following Monday morning. A misunderstanding occurred about who was to initiate the ride request and claimant was not picked up by the coworker on Monday, July 18. During a telephone conversation later that day, claimant informed employer that he could not work under the new conditions and requested to be fired. Employer would not fire him. On Tuesday, July 19, 1994, claimant went to employer's office and resigned.

The department denied claimant's claim for unemployment compensation benefits. ORS 657.257. Both the referee and EAB affirmed. Claimant contends on review that

he had good cause to quit, because his wages had been reduced.

ORS 657.176(2)(c) authorizes the department to disqualify a claimant from the receipt of unemployment benefits if the individual has "[v]oluntarily left work without good cause." "Good cause" is not defined in ORS chapter 657. However, pursuant to the legislative delegation of authority to "[d]etermine all questions of general policy and promulgate rules and regulations," ORS 657.610(4), the department has adopted rules that define that term. OAR 471-30-038 provides, in part:

"(4) Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. * * * [T]he reason must be of such gravity that the individual has no reasonable alternative but to leave work.

"(5) In applying section (4) of this rule:

"* * * * *

"(d) Reduction in rate of pay: *If an individual leaves work due to a reduction in the rate of pay, the individual has left work without good cause unless the newly reduced rate of pay is ten percent or more below the rate of pay generally prevailing for similar work in the individual's normal labor market area[.]*" (Emphasis supplied.)

Claimant argues that he had good cause to voluntarily leave work because his rate of pay was reduced by more than 10 per cent when employer failed to provide him with another vehicle. He calculates that his rate of pay was reduced from $1,850 per month, the sum of his cash salary plus the cash value of the use of the pickup truck, to $1,650 per month. EAB concluded that the use of the vehicle was a fringe benefit not included in claimant's rate of pay, and that OAR 471-30-038(5)(d) was therefore inapplicable. It relied on its "precedential" decision,[1] *In re: James K. Ferrell*, 94-AB-371,

---

[1] OAR 471-41-150 provides:

"The Employment Appeals Board may certify in an order that an order is a precedential order. An order shall be identified as precedential if the order contains an interpretation of a statute or administrative rule not previously decided, an application of the law to facts which will apply to a significant number of cases of like nature, or an interpretation which is a deviation from

in which it held that use of a vehicle is not included in the rate of pay. The department acquiesced to EAB's interpretation of "rate of pay" in *Ferrell*. Claimant argues that EAB's interpretation of OAR 471-30-038(5)(d) in *Ferrell* is inconsistent with ORS 657.105, which defines "wages" as "all remuneration for employment, including the cash value * * * of all remuneration paid in any medium other than cash."[2]

■ When an agency has been delegated the authority and responsibility to make policy judgments to define a term, we review the agency's order under ORS 183.482(8)(b) to ensure that the agency has not exceeded the limits of its discretion or acted inconsistently with another administrative, statutory or constitutional provision.[3] *Trebesch v. Employment Division*, 300 Or 264, 268, 710 P2d 136 (1985). "Good cause" is a delegative term. *Springfield Education Assn. v. School Dist.*, 290 Or 217, 228, 621 P2d 547 (1980). The legislature has given the department broad authority to promulgate rules, and we defer to its reasonable interpretation of its own rules. *Martin v. Dept. of Transportation*, 122 Or App 271, 274-75, 857 P2d 225 (1993).

Claimant does not challenge the validity of OAR 471-30- 038(5)(d). Rather, he contends that EAB erred as a matter of law in its interpretation of that rule in *Ferrell*. Claimant contends that, contrary to *Ferrell*, the term "rate of pay" must be the same as the definition of "wages" in ORS 657.105 and, therefore, includes the cash value of use of the pickup truck. He concedes that the term "rate of pay" is not defined or used in chapter 657. However, he contends that,

---

previous orders of the Employment Appeals Board. The Board may ask the parties, including the Employment Department, for briefs in cases where it intends to certify such an order as precedential."

[2] ORS 657.105 makes the definition of wages subject to exclusions described in ORS 657.115 to ORS 657.140, which includes some fringe benefits not relevant to this case.

[3] ORS 183.482(8)(b) provides:

"The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

because the term must be used consistently throughout the rules, if "rate of pay" means "wages" in other rules, then it must also mean "wages" in OAR 471-30-038(5)(d). His argument thus hinges on the meaning of "rate of pay" as used in a different rule, OAR 471-30-037(2), which interprets ORS 657.195(b).

ORS 657.195(1)(b) allows a claimant to refuse an offer of new work and to retain unemployment compensation benefits "[i]f the remuneration, hours or other conditions of the work offered are substantially less favorable * * * than those prevailing for similar work in the locality." OAR 471-30-037(2) provides, in part:

> "[F]or purposes of ORS 657.195(1)(b), *if inadequate rate of pay was one of the reasons for refusing* to accept new work, the work is unsuitable if the rate of pay is 'substantially less favorable' than that generally prevailing for similar work in the locality. The rate of pay will be deemed 'substantially less favorable' if it is ten percent or more below that generally prevailing for similar work in the labor market area."
> (Emphasis supplied.)

Claimant contends that the department's use of the term "rate of pay" in OAR 471-30-037(2) must be intended as the equivalent of the term "remuneration" as used in ORS 657.195(1)(b), and that "remuneration" as described in ORS 657.105 to define "wages" includes the cash value of "all remuneration paid in any medium other than cash[,]" *i.e.,* fringe benefits. Therefore, he concludes, "rate of pay" includes fringe benefits. Claimant's syllogism is flawed and does not provide a basis for resolving this case.

As used in the rule, the term "rate of pay" need not be the equivalent of the term "remuneration." For purposes of determining whether a claimant may refuse an offer of employment, the department has chosen to focus on "rate of pay," and has chosen to regard that term as the *cash* portion of all remuneration paid for a particular job. OAR 471-30-037(2) permits a claimant to evaluate prospective employment based on the cash remuneration for that job, not on noncash remuneration or fringe benefits. Nothing in the statutory scheme or administrative rules compels the conclusion that "rate of pay" as used in OAR 471-30-037(2) is the equivalent of "remuneration" as used in ORS 657.195(1)(b)

or "wages" as used in ORS 657.105. Similarly, we conclude that EAB's interpretation in *Ferrell* of the term "rate of pay" as used in OAR 471-30-038(5)(d) is reasonable. The department acted within its authority under ORS 657.610(4) to develop rules to determine what constitutes "good cause" under ORS 657.176(2)(c) when it acquiesced to EAB's interpretation.

We affirm EAB's determination that, under OAR 471-30-038(5)(d), claimant's use of the pickup truck was a fringe benefit not included in his rate of pay, and that claimant quit work without good cause.

Affirmed.