Argued and submitted January 22, reversed and remanded February 20, 1991

# SOUTHWOOD HOMEOWNERS ASSOCIATION
## and William Gates,
*Petitioners,*

*v.*

# CITY COUNCIL OF PHILOMATH,
## Betty Ellis and Gary Remington,
*Respondents.*

### (LUBA 90-103; CA A67575)

806 P2d 162

George B. Heilig, Corvallis, argued the cause and filed the brief for petitioners.

Scott A. Fewel, Corvallis, waived appearance for respondent City Council of Philomath.

No appearance for respondents Betty Ellis and Gary Remington.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioners appealed to LUBA from the City of Philomath's approval of a subdivision inside the city's urban growth boundary. Petitioners contended that the subdivision does not comply with city land use regulations. The city moved to dismiss the appeal, contending that, under ORS 197.015(10)(b)(B), LUBA lacked jurisdiction. LUBA granted the motion.[1] Petitioners seek review, and we reverse.

ORS 197.015(10)(a) defines "land use decisions" that come within LUBA's jurisdiction under ORS 197.825(1). ORS 197.015(10)(b), as amended by Or Laws 1989, ch 761, § 1, provides that the term does not include a decision:

"(A)   Which is made under land use standards which do not require interpretation or the exercise of factual, policy or legal judgment;

"(B)   Which approves, approves with conditions or denies a subdivision or partition, as described in ORS chapter 92, located within an urban growth boundary *where the decision is consistent with land use standards;* or

"(C)   Which approves or denies a building permit made under land use standards which do not require interpretation or the exercise of factual, policy or legal judgment." (Emphasis supplied.)

Before its amendment, the statute had excluded from the definition of "land use decision," as relevant, a "ministerial decision of a local government made under clear and objective standards contained in an acknowledged comprehensive plan or land use regulation."

■     Petitioners contend that the language of ORS 197.015(10)(b)(B) is plain, that it excludes from LUBA's jurisdiction only subdivision decisions that are "consistent with land use standards" and that, therefore, LUBA must decide the merits of their contentions that the city's decision does not comply with applicable standards before it can resolve the jurisdictional question. LUBA disagreed. It concluded that the statutory language is ambiguous. It then reasoned that ORS 197.015(10)(b)(B) states an exception to its jurisdiction and

---

[1] It also granted petitioners' alternative motion to transfer the matter to the circuit court. ORS 19.230. However, the only issue presented to us is whether LUBA was correct in the conclusion that it does not have jurisdiction.

that the legislature could not have intended that LUBA must decide the merits of an appeal before deciding whether it has jurisdiction to decide the merits of the appeal.

Although there is something to be said for LUBA's view that the literal language of the statute creates an anomaly, we agree with petitioners that the statute unambiguously excepts only those subdivision decisions that comply with "land use standards" from the definition of "land use decision" and, therefore, from LUBA's jurisdiction. The court said in *Monaco v. U.S. Fidelity & Guar.,* 275 Or 183, 188, 550 P2d 422 (1976):

> "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent."

It is true that the context of a statute or statutory scheme can sometimes reveal an ambiguity in a particular phrase that, standing alone, appears to have a clear meaning. *See Dennehy v. City of Portland,* 87 Or App 33, 40, 740 P2d 806 (1987). We agree with LUBA that it is somewhat unclear why the legislature made ORS 197.015(10)(b)(B) part of a subsection that states exceptions to LUBA's jurisdiction, when the language of paragraph (B) means that *the merits* of a local decision relating to a subdivision are subject to the same review by LUBA as any other land use decision that is challenged as not complying with applicable land use legislation. Nevertheless, no ambiguity results. The fact that subsection (b) creates exceptions to jurisdiction certainly does not mean that the legislature may not include a provision in it that creates only a conditional exception, as paragraph (B) does.

In a footnote to its opinion, LUBA suggested that the literal wording of the statute would produce "unreasonable or absurd" results and, for that reason too, petitioners' interpretation should be rejected. We noted in *Dennehy v. City of Portland, supra,* 87 Or App at 40-41, that the "absurd results" doctrine should be used sparingly, because it entails the risk of judicial displacement of legislative policy on the basis of judicial speculation that the legislature could not have meant what it unmistakably said. In this instance, there is nothing that we can say is absurd in the literal reading of the statute.

Before the 1989 amendment, the exception in ORS 197.015(b) extended only to "ministerial" decisions. Paragraphs (A) and (C) in the amended subsection continue to encompass only decisions of that kind. Paragraph (B), however, includes some decisions that involve land use standards that require "the exercise of factual, policy or legal judgment." In *Doughton v. Douglas County,* 82 Or App 444, 449, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987), we construed the pre-1989 version of ORS 197.015(b) and said that its purpose

> "is to make certain local government actions unreviewable as land use decisions, because they are really nondiscretionary or minimally discretionary applications of established criteria rather than decisions over which any significant factual or legal judgment may be exercised."

With the addition of paragraph (B), the subsection now does include certain decisions that require the making of factual or legal judgments. Far from being absurd, it is consistent with the overriding purpose of subsection (b) to make those decisions reviewable for compliance with land use standards before the jurisdictional exclusion becomes applicable.

There are a number of potential procedural problems that result from the "jurisdictional" label that the statute uses. The objective of the statute is, at least, to make substantive land use questions reviewable on their merits by LUBA. However, if LUBA rejects a petitioner's assertions that a decision is inconsistent with land use standards, its disposition would be a dismissal and a transfer to the circuit court on jurisdictional grounds. *See* ORS 19.230(4). It is highly improbable that the legislature intended for the circuit court to have the authority to decide the land use questions that LUBA had already decided on the merits in arriving at its jurisdictional disposition. ORS 19.230(4) provides that a matter shall be transferred to the circuit court *only* if LUBA concludes that it "is not reviewable as a land use decision as defined in ORS 197.015(10)."[2]

ORS 19.230(5) allows LUBA or the circuit court to

---

[2] Although we are not called on to decide the question at this stage of the present case, it might very well be that LUBA's resolution of whether "the decision is consistent with land use standards" is final, may not be considered by the circuit court after the transfer and becomes reviewable by us before circuit court proceedings are initiated.

seek a "summary" resolution of jurisdictional questions by the Court of Appeals, but only after the other has ordered a transfer and only if the body to which the transfer is made "disputes whether it has authority to review the decision." Although that provision creates an expedient means for LUBA or the circuit court to obtain a jurisdictional determination, we do not think that it forecloses a party from seeking review under circumstances of the kind here, where LUBA has issued a final order that it lacks jurisdiction over an appeal. *See* ORS 197.850.

We conclude that LUBA must review petitioners' contentions that the city's decision is inconsistent with land use standards before it can rule on the motions to dismiss and transfer.

Reversed and remanded.