Argued and submitted May 6, affirmed June 5, 1991

Jeffrey BENZINGER,
*Respondent,*
*and*

Sharon BYERS,
Sandra Collins, Richard Friend,
Teddy Moulton and Blain Young,
*Plaintiffs,*

*v.*

OREGON DEPARTMENT OF
INSURANCE AND FINANCE,
acting through the
Workers' Compensation Division Appellate Unit,
*Appellant.*

(9102-01201; CA A69059)

812 P2d 36

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Michael D. Reynolds, Assistant Attorney General, Salem.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief were Dan O'Leary and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Benzinger (plaintiff),[1] a workers' compensation claimant, brought this proceeding under ORS 183.490, to compel defendant Workers' Compensation Division to process his request for reconsideration of a claim closure within 15 days from the date of request therefor," pursuant to ORS 656.268(6)(a), as amended by Oregon Laws 1990, chapter 2, section 16.[2] Plaintiff contends that defendant's failure to complete reconsideration within 15 days violated the statute. Defendant contends that the 15-day limit is not mandatory. The trial court agreed with plaintiff and concluded "that the statute is clear on it[s] face." Defendant appeals, and we affirm.

■■ Defendant's first assignment is, in essence, that the court erred in concluding that the 15-day limit in ORS 656.268(6)(a) is mandatory. It first argues that the word "shall" is not always mandatory and does not compel the trial court's conclusion. Although we do not disagree with that abstract proposition, the word is facially mandatory when used in a statute that prescribes a time limit for performing an act. As defendant all but concedes, the principal Oregon authority that it found to support the contrary conclusion was implicitly overruled in *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 736, 565 P2d 1084 (1977) (*see* Howell, J., dissenting). In any event, although "authority" can be found to support just about any proposition, the *general* rule, stated in *Stanley, Adm. v. Mueller*, 211 Or 198, 208, 315 P2d 125 (1957), is that "[i]t is elementary that 'shall' connotes the imperative." We conclude that the word is mandatory as used in ORS 656.268(6)(a).

Defendant's more fervently urged contention is that, functionally and in the light of the requirements of other statutes, it is impossible for it to comply with a 15-day requirement for the completion of every request for reconsideration to which the statute applies. Hence, defendant maintains, the legislature could not have intended it to be a

---

[1] The other plaintiffs' actions are being held in the trial court pending disposition of this case. The trial court entered a final judgment under ORCP 67B.

[2] The 1990 amendments have not been published in the Oregon Revised Statutes as of the date of this opinion.

mandatory requirement and, to avoid an absurd result, we should not give effect to the literal words of the statute. We recently reiterated in *Southwood Homeowners v. City Council of Philomath,* 106 Or App 21, 806 P2d 162 (1991):

> "We noted in *Dennehy v. City of Portland,* [87 Or App 33, 40-41, 740 P2d 806 (1987)], that the 'absurd results' doctrine should be used sparingly, because it entails the risk of judicial displacement of legislative policy on the basis of judicial speculation that the legislature could not have meant what it unmistakably said. In this instance, there is nothing that we can say is absurd in the literal reading of the statute." 106 Or App at 24.

*See also Anaconda Company v. Dept. of Rev., supra,* 278 Or at 729.

Similarly, here, there is nothing even arguably absurd in a literal reading of the statute. Defendant's references to such factors as its caseload and the need for more extensive consideration than can be achieved within 15 days may demonstrate that compliance with the statute is difficult and would require the sacrifice of competing equities and even that the statute may be ill-advised. However, it is hard to imagine a clearer case for the admonition that the argument must be addressed to the legislature. We agree with plaintiff and the trial court that the statute means what it says.

Defendant's second assignment assails the trial court's exclusion of certain evidence that defendant characterizes as legislative history and that would suggest that the 15-day limit was unintended or "was a mistake in the drafting process." Because the language of the statute has a clear meaning, the evidence could have had no effect on the decision of the case.

Defendant makes three other assignments that require no discussion.

Affirmed.