Argued and submitted April 21, reversed and remanded for reconsideration
September 22, 1993

In the Matter of the Compensation of
Rosa M. Pacheco-Gonzalez, Claimant.

Rosa M. PACHECO-GONZALEZ,
*Petitioner,*

*v.*

SAIF CORPORATION
and B. C. Hop Farms, Inc.,
*Respondents.*

(WCB 91-11930; CA A76749)

860 P2d 822

Edward J. Harri, Salem, argued the cause for petitioner.
With him on the brief was Stanley Fields, Salem.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Claimant seeks review of a Workers' Compensation Board (Board) order holding that the Board lacks jurisdiction to conduct a hearing when a Department of Insurance and Finance (DIF) order on reconsideration is invalid, and also lacks authority to remand the case to DIF. We reverse.

Claimant suffered a compensable injury. She was declared medically stationary, with no award for permanent partial disability, by a notice of closure from DIF. On reconsideration, DIF affirmed the notice of closure. Because there was a dispute over the impairment findings used to close the claim, a medical arbiter's report was ordered pursuant to ORS 656.268(7).[1] However, the report was not considered by DIF because it arrived after the order on reconsideration was issued. The order on reconsideration stated:

> "The Appellate Unit is unable to complete a substantive review of this reconsideration request within the time limits of the court injunction [imposed by *Benzinger v. Oregon Dept. of Ins. and Finance*, 107 Or App 449, 812 P2d 36 (1991)].[2] Accordingly, we must affirm the prior determination order or notice of closure in its entirety. This will permit you to request a hearing on the claim closure and this Order on Reconsideration."

Claimant requested a hearing contesting the rating and impairment findings in the order on reconsideration. The referee dismissed claimant's request and the Board affirmed.

■     Claimant assigns error to the Board's conclusion that the referee lacks jurisdiction to hear a claim involving an invalid order on reconsideration. The Board found that the order was "invalid," because DIF did not review the medical arbiter's report pursuant to ORS 656.268(7).[3] ORS 656.268 (6)(b) provides, in part:

---

[1] ORS 656.268(7) provides, in part:

"If the basis for objection to a notice of closure or determination order issued under this section is disagreement with the impairment used in rating of the worker's disability, the director shall refer the claim to a medical arbiter appointed by the director."

[2] In *Benzinger*, we affirmed a trial court order compelling DIF to process orders on reconsideration within 15 days from the request, as required by ORS 656.268 (6)(a) (*since amended by* Or Laws 1991, ch 502 § 1).

[3] The Board relied on *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 565 P2d 1084 (1977), which held that, when the Department of Revenue did not

"If any party objects to the reconsideration order, the party may request a hearing under ORS 656.283 * * *."

ORS 656.283(1) provides, in part:

"Subject to subsection (2) of this section and ORS 656. 319, any party or the director may at any time request a hearing on any question concerning a claim."

Neither statute requires a "valid" order on reconsideration for the referee to have jurisdiction. No statute divests the Board of its obligations where an "invalid" order on reconsideration occurs. The purpose of the Workers' Compensation Law is to

"provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings." ORS 656.012(2)(b).

The Board's decision that the referee has no jurisdiction to hear appeals from "invalid" orders of DIF frustrates the intent of the statute and is in error. It leaves the claimant without recourse for review of what the Board terms an "invalid" order on reconsideration.

■        Because it may arise again on remand, we decide whether the Board may review a medical arbiter's report not reviewed by DIF and whether it has the authority to remand a case to DIF.[4] The Board found that the referee could not

---

grant a taxpayer the statutorily-mandated pre-assessment hearing, the assessment order was invalid, as if it never existed. However, the court went on to say:

"Since the question always arises from a particular enactment, there can be no 'general rule' for concluding when failure to follow an obligatory procedure nevertheless does not invalidate an action.

"* * * * *

"Similarly the nature and extent of the disadvantage sought to be avoided by the procedure can bear on the probable intent with respect to noncompliance." 278 Or at 727-28.

The legislature intended the workers' compensation system to provide a speedy procedure for delivery of benefits to injured workers. In this case, DIF followed the mandatory procedures: it ordered the medical arbiter's report and it completed the review within 15 days. The report came too late to affect the reconsideration, but it was available at the hearing. The late report does not exclude the claim from the provisions of ORS 656.268 and ORS 656.283.

[4] The referee concluded:

"ORS 656.268(7) mandates that the findings of the medical arbiter be submitted to DIF for reconsideration and that no subsequent medical evidence

review the medical arbiter's report because it was received after the order on reconsideration was issued. The Board relied on ORS 656.268(7):

> "The findings of the medical arbiter * * * shall be submitted to the department for reconsideration of the determination order or notice of closure, and no *subsequent* medical evidence of the worker's impairment is admissible before the department, the board or the courts for purposes of making findings of impairment on the claim closure." (Emphasis supplied.)

The Board misinterpreted the statute. The statute prohibits the admission of evidence developed *after* the medical arbiter's report, not the medical arbiter's report. Even if the medical arbiter's report is not reviewed by DIF, it can and should have been considered by the referee and the Board. The legislature clarified its intent in 1991 by amending ORS 656.268(6)(a) to provide, in part:

> "Any medical arbiter report may be received as evidence at a hearing even if the report is not prepared in time for use in the reconsideration proceeding." Or Laws 1991, ch 502, § 1.

■       Claimant also assigns error to the failure of the Board to remand her claim to DIF. ORS 656.283(7) provides, in part:

> "If the referee finds that the claim has been closed prematurely, the referee shall issue an order *rescinding* the

---

can be considered by any reviewing body. Consequently, I conclude that I am unable to use the medical arbiter's report generated after the Order on Reconsideration to rate permanent partial disability."

On the issue of remand, the referee concluded that,

"although this matter remains under the jurisdiction [of] DIF's Appellate Review Unit pending completion of reconsideration as required by law, I have no authority to require that agency to act."

The Board adopted the referee's findings, but concluded that the referee lacked jurisdiction to review an invalid order because

"the Director failed to appoint a medical arbiter and consider the arbiter's findings on reconsideration, the Referee properly found that the Order on Reconsideration is invalid. Consequently, the Referee lacked jurisdiction to consider claimant's request for hearing and properly dismissed the request for hearing."

The Board did not directly address whether the referee could review a medical arbiter's report not reviewed by DIF or whether it had the authority to remand a case to DIF.

determination order or notice of closure.'' (Emphasis supplied.)

Nowhere in the statute is there a provision for remanding a claim to DIF. The legislature and the courts have emphasized that speedy processing and resolution of claims is a primary goal. The time limit found in ORS 656.268(6)(a) (*since amended by* Or Laws 1991, ch 502, § 1) was intended to speed the process. We intended to make it clear in *Benzinger v. Oregon Dept. of Ins. and Finance, supra,* that the reconsideration process before DIF was to be concluded within the statutory time limit. When the legislature amended ORS 656.268(6)(a) in 1991 to permit the referee to receive and consider the medical arbiter's report, it did not amend ORS 656.283(7) to authorize the remand of cases to DIF. The legislature clarified, with the amendment to ORS 656.268 (6)(a), that the correct procedure is for the referee to hear the case. Claimant urges us to find that the referee's authority to remand cases is implied in the referee's review power of DIF orders on reconsideration. We reject that construction of the statute.

Reversed and remanded for reconsideration.