Argued and submitted September 3, reversed and remanded for reconsideration December 22, 1993

In the Matter of the Compensation of
Michael R. Wickstrom, Claimant.

Michael R. WICKSTROM,
*Petitioner,*

*v.*

NORPAC FOODS, INC.
*Respondent.*

(91-11489; CA A79216)

865 P2d 491

Max Rae argued the cause and filed the brief for petitioner.

John E. Pollino argued the cause for respondent. With him on the brief were Chess Trethewy and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Rossman, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Claimant seeks review of a Workers' Compensation Board order holding that the Board lacks jurisdiction to conduct a hearing when the Department of Insurance and Finance (DIF) issued an order on reconsideration without first having reviewed a medical arbiter's report, and also holding that the Board may not consider that report. In *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), we held that the Board has jurisdiction to conduct a hearing regardless of whether DIF reviewed a medical arbiter's report, and that, under ORS 656.268(7), the Board should review the report even if DIF did not. We write only to clarify the effect of the 1991 statutory amendments on whether the Board should review medical arbiters' reports.

ORS 656.268(7) provides:

"The findings of the medical arbiter * * * shall be submitted to the department for reconsideration of the determination order or notice of closure, and no subsequent medical evidence of the worker's impairment is admissible before the department, the board or the courts for purposes of making findings of impairment on the claim closure."

In 1991, the legislature added language to the statute, codified at ORS 656.268(6)(a):

"Any medical arbiter report may be received as evidence at a hearing even if the report is not prepared in time for use in the reconsideration proceeding." Or Laws 1991, ch 502, § 1.

The amendments apply to requests for reconsideration made "on and after October 1, 1991." Or Laws 1991, ch 502, § 2.

In this case, a medical arbiter's report was prepared after DIF had issued its order on reconsideration. On review, claimant asked the referee to consider the medical arbiter's report anyway. The referee declined to do so, because claimant had requested reconsideration on May 7, 1991, before the effective date of ORS 656.268(6)(a). In *Pacheco-Gonzalez*, however, we held that the Board is required to consider medical arbiters' reports under ORS 656.268(7), which was not amended in 1991. We noted that the enactment of the new language in ORS 656.268(6)(a) supported our interpretation of ORS 656.268(7), but the unamended statute remained the basis for our decision. 123 Or App at 316. Therefore, the

Board should consider the medical arbiter's report, even if claimant requested reconsideration on or before October 1, 1991.

Reversed and remanded for reconsideration.