Argued and submitted October 13, 1993, affirmed March 16, 1994

James R. PAVEL
and Bonnie K. Pavel,
husband and wife,
*Appellants,*

*v.*

WINNEBAGO INDUSTRIES, INC.,
*Respondent.*

(9112-07856; CA A78282)

870 P2d 856

Dennis H. Elliott argued the cause for appellants. With him on the briefs was Elliott & Park.

Lewis B. Hampton argued the cause for respondent. With him on the brief was Hampton Bolliger & McCobb.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Plaintiffs appeal from a summary judgment for defendant vehicle manufacturer in this action under ORS 646.315 *et seq* (the statute). We affirm.

In 1990, plaintiffs purchased a motor home manufactured by defendant. By early May of the following year, the vehicle had spent approximately 100 days in various repair shops for a variety of necessary repairs and corrective measures. Plaintiffs' attorney wrote defendant and apprised it of that fact, among others. At no time, however, did plaintiffs provide defendant with advance notice of the need to correct any specific defect or condition. Defendant, therefore, contended that plaintiffs had not satisfied the notice requirement of ORS 646.325(3), which it argues is a condition precedent to obtaining remedies under the statute. The trial court agreed, and granted defendant's motion for summary judgment.

ORS 646.325 makes the "remedy under the provisions of ORS 646.315 to 646.375 * * * available to a consumer if" a new vehicle does not conform to manufacturer warranties, the consumer reports each nonconformity to the manufacturer or its representatives "for the purpose of repair or correction," and, under subsection (3):

> "The manufacturer has received direct written notification from or on behalf of the consumer and has had an opportunity to correct the alleged defect. 'Notification' under this subsection includes, but is not limited to, a request by the consumer for an informal dispute settlement procedure under ORS 646.355."

ORS 646.335 provides that, if the manufacturer cannot conform the vehicle to express warranties through repairs or corrections of defects or conditions "after a reasonable number of attempts," it shall replace the vehicle or accept its return and refund the price paid. ORS 646.345(1) creates a presumption that "a reasonable number of attempts have been undertaken" if:

> "(a)  The same nonconformity has been subject to repair or correction four or more times by the manufacturer or its agent or authorized dealer, but such nonconformity continues to exist; or

"(b) The vehicle is out of service by reason of repair or correction for a cumulative total of 30 or more business days."

However, under ORS 646.345(4):

"In no event shall the presumption described in subsection (1) of this section apply against a manufacturer unless the manufacturer has received prior direct written notification from or on behalf of the consumer and has had an opportunity to cure the defect alleged."[1]

■ Defendant argues that ORS 646.325(3) and ORS 646.345(4) are unambiguous, and that plaintiffs did not provide the "prior direct written notification and opportunity to correct" that those provisions require. Plaintiffs' argument is more complex. They assert:

"Under the [statute], a consumer is entitled to certain remedies if the manufacturer or dealer is unable to conform a new vehicle to any express warranties. The consumer is also entitled to a presumption of an inability to conform if: (a) the same nonconformity has been the subject of repair four or more times but continues to exist, or (b) the vehicle is out of service by reason of repair for 30 or more business days. ORS 646.345(1)(a), (b).

"A consumer is not entitled to any remedies unless the manufacturer has received written notice from or on behalf of the consumer and has had an opportunity to correct 'the alleged defect.' ORS 646.325(3). A consumer is not entitled to a presumption of nonconformity to express warranties unless the manufacturer has received 'prior written notice' and an opportunity to 'cure the defect alleged.' ORS 646.345(4).

"It is illogical and patently absurd to require 'an opportunity to cure' and 'prior written notice' when the alleged nonconformity is based on a series of repairs totalling 30 or more business days. Such an interpretation is clearly contrary to the remedial purpose of the statute. It leaves the consumer without a practical remedy when a series of correctable defects knocks the vehicle out of service for 30 or more business days. Under this interpretation the only practical way for a consumer to give 'prior written notice' plus an

---

[1] Our summary of the statutory provisions is limited to only those matters that are relevant to the issues in this case. It is not intended as a comprehensive description of the statutory scheme.

'opportunity to cure the defect alleged' is to write the manufacturer prior to *any* repairs being done with a blanket statement that the repairs are commencing and may total more than 30 business days within the balance of the warranty period. The [statute] clearly did not intend this result.

"The right of the manufacturer to 'cure' applies only to the 'alleged defect.' It does *not* apply to the inability to conform. Nonconformity based on a series of repairs totalling 30 or more business days does not involve an 'alleged defect.' Therefore, a consumer seeking a remedy or a presumption based on repairs totalling 30 or more business days need only show direct written notice by the consumer and should *not* be required to prove an opportunity to cure." (Emphasis plaintiffs'.)

We are unable to agree with plaintiffs' reading of the statute. ORS 646.325(3) and ORS 646.345(4) are not ambiguous, and their unambiguous language can be literally applied consistently with the other provisions of the statutory scheme. Plaintiffs' argument assumes that the objective of the statute is solely to provide consumers with replacement vehicles or refunds. However, as the notice and other provisions make clear, the statute also contemplates an opportunity for the manufacturer to remedy problems with a vehicle.

Plaintiff argues that, unlike prior notice of specific defects or conditions, it is not possible to notify the manufacturer in advance that future repairs will take more than 30 days to accomplish. However, prior notice that repair efforts will take more than 30 days is not what is required; rather, the notice must inform the manufacturer of the defect that makes repairs necessary. There was nothing to stop plaintiffs from notifying defendant before the fact of the defects that required any or all of the vehicle's sojourns in repair shops.

■ ■ Plaintiffs' argument also presupposes that the fact that a vehicle has undergone repairs for more than 30 days is an independent basis for a statutory remedy, even if there are no present defects or conditions that require repair. That is incorrect. The 30-day provision in ORS 646.345 is one of the facts that support a presumption that, in turn, ultimately would allow the conclusion that a manufacturer is "unable to conform" a vehicle to warranties "by repairing or correcting any defect or condition" that has certain *present* effects. The

presumption does not apply if there are no existing defects or conditions that require curative efforts in order to bring the vehicle into conformance. Nothing about the 30-day period or the presumption obviates the consumer's obligation to inform the manufacturer that there are defects or conditions to repair. Indeed, ORS 646.345(4) expressly provides that, in the absence of *prior* written notice of the defect, the presumption to which the passage of the 30-day period would otherwise lead does not even arise.

Plaintiffs are also not aided by their argument that a literal reading of the notice provisions leads to "absurd or unreasonable results" and should, therefore, be avoided. As is often the case when that doctrine is invoked, what its proponent identifies is not an absurdity, but a disagreement with what the legislature has enacted. There is nothing absurd in a statute that simultaneously serves two policies — consumer remedies and a manufacturer's opportunity to repair — although plaintiffs may favor only one of those policies. There is also no absurdity of the sort that plaintiffs describe in the notice mechanics of the statute. Nothing prevented them from giving defendant advance notice of the defects before the vehicle had undergone any repair efforts, let alone more than 30 days of repairs. We decline their invitation to judicially abrogate the unambiguous notice provisions of the statute. *See Southwood Homeowners v. City Council of Philomath,* 106 Or App 21, 24, 806 P2d 162 (1991).

Affirmed.