Argued and submitted March 14, reversed July 27, petition for review denied December 13, 1994 (320 Or 453)

Jeffrey BENZINGER,
Sharon Byers, Sandra Collins, Richard Friend,
Teddy Moulton, Blain Young, Sharon L. Allen,
Annie Barrow, Linda Carpenter, Susan Christensen,
Russell H. Fowler, Richard E. Hayes,
Patrick McCallum, Debra Ray-Spuhler,
Delbert Smelser, Philip Sterle, Jr.,
Stephen R. Sundstrom, Bernard E. Torrance,
Walter Vanhooser and Viola Walters,
*Plaintiffs,*
*and*

James G. HARRIS,
*Respondent,*

*v.*

OREGON DEPARTMENT OF
INSURANCE AND FINANCE,
acting through the
Workers' Compensation Division,
Appellate Unit,
agencies of the State of Oregon,
*Appellants,*
*and*

Larry YOUNG,
*Defendant.*

(A9102-01201; CA A77673)

878 P2d 1121

John T. Bagg, Assistant Attorney General, argued the cause for appellants. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Kevin N. Keaney argued the cause for respondent. With him on the brief was Pozzi Wilson & Atchison.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant Oregon Department of Insurance and Finance (DIF)[1] appeals a circuit court order requiring that it issue a reconsideration order taking into account the findings of a panel of medical arbiters. We reverse.

Plaintiff Benzinger and others initiated this action under ORS 183.490,[2] seeking to compel DIF to reconsider determination orders issued under ORS 656.286(6)(a) (*since amended by* Or Laws 1991, ch 502, § 1). The complaint was later amended to include plaintiff Harris. Originally, DIF had delayed issuing the reconsideration orders, because plaintiffs had not been examined by a medical arbiter or panel of medical arbiters, as required by ORS 686.268(7). This delay was in the face of the 15-day time limit imposed by the version of ORS 656.268(6)(a) then in effect. The circuit court decided that the time limit was mandatory and, on appeal, we affirmed in *Benzinger v. Oregon Dept. of Ins. and Finance,* 107 Or App 449, 812 P2d 36 (1991). Thereafter, the circuit court, on August 22, 1991, entered a judgment requiring DIF to take certain actions. As relevant to this proceeding, the judgment provided:

> "Defendant is enjoined to issue reconsideration orders within 10 days of entry of this judgment, regardless of whether the reconsideration process has been completed * * *."

DIF issued a reconsideration order for plaintiff Harris on August 30, 1991, affirming the determination order. However, DIF advised Harris that, because the medical arbiters were unable to complete their examination and submit a report within the required time limits, the appellate unit was unable to complete a substantive review.

Plaintiff Harris filed a request for a hearing to review the reconsideration order. ORS 656.283. In the interim,

---

[1] DIF has been renamed the Department of Consumer and Business Services. Larry Young, DIF's Administrator, is not a party to this appeal.

[2] ORS 183.490 provides:

"The court may, upon petition as described in ORS 183.484 [review of orders in other than contested cases], compel an agency to act where it has unlawfully refused to act or make a decision or unreasonably delayed taking action or making a decision."

Harris attended an examination with a panel of medical arbiters. On June 5, 1992, a referee entered an order dismissing Harris's request for hearing and setting aside DIF's August 30, 1991, reconsideration order. In addition, the referee remanded the case to DIF, stating:

> "[J]urisdiction remains with the Appellate Unit [of DIF] and claimant shall demand completion of the reconsideration process and entry of an Order on Reconsideration."

After receiving the referee's order, Harris requested that DIF issue a new reconsideration order that considered the medical arbiter's report, and DIF refused.

Harris then moved in the circuit court for an order to show cause why DIF should not be held in contempt for not issuing a valid reconsideration order. A hearing was held and, on November 20, 1992, the court issued the order from which DIF now appeals. That order required DIF to

> "issue a reconsideration order which considers the findings of the panel of medical arbiters who reported on the impairment of [Harris]. Defendants shall issue the reconsideration order within 15 days of this order."

DIF assigns error to the court's order. We review for errors of law. *See Wyers v. Dressler*, 42 Or App 799, 601 P2d 1268 (1979), *rev den* 288 Or 527 (1980).

The court order on review requires DIF to act on a case that is before DIF only because of the referee's remand to DIF. However, in *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), we expressly rejected a construction of the workers' compensation statute that would allow a referee to remand cases to DIF. We noted that "the legislature and the courts have emphasized that speedy processing and resolution of claims is a primary goal" of that statute. 123 Or App at 317.[3] The court below recognized the importance of this goal in its first order, when it ordered DIF to issue reconsideration orders "regardless of whether the reconsideration process has been completed." The referee had no authority to remand the case to DIF. Therefore, it was not properly before DIF, and the circuit court erred in ordering DIF to issue a new order.

---

[3] *Pacheco-Gonzalez* was decided after the order in this case issued.

Harris contends that, unless we uphold the circuit court, he will never receive a hearing and that result violates the Fifth Amendment to the United States Constitution and Article I, section 10, of the Oregon Constitution. Although we sympathize with Harris's plight, he created the predicament in which he now finds himself. In *Benzinger v. Oregon Dept. of Ins. and Finance, supra,* we agreed with the argument that the time deadlines for preparing reconsideration orders were mandatory. Accordingly, the circuit court instructed DIF to prepare reconsideration orders "regardless of whether the reconsideration process has been completed." Harris cannot now ask for a second "bite of the apple" to remedy the very situation that resulted from his choice of strategy.

Reversed.