Argued and submitted May 18, affirmed June 28, petition for review denied
August 22, 1995 (321 Or 512)

# William J. CRAVEN,
*Petitioner,*

*v.*

# JACKSON COUNTY
and Helen Mahin,
*Respondents.*

(LUBA 94-244; CA A88124)

898 P2d 809

Sandra Smith Gangle argued the cause for petitioner. With her on the brief was Depenbrock, Gangle, Greer & Laird.

Arminda J. Brown, County Counsel, waived appearance for respondent Jackson County.

Michael C. Robinson argued the cause and filed the brief for respondent Helen Mahin.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner seeks review of LUBA's affirmance of a Jackson County hearings officer's approval of respondent Mahin's (respondent) application for a "lot of record" dwelling on a parcel in an exclusive farm use zone. We affirm.

Prior to 1985, respondent acquired three contiguous parcels in the zone. One of them, Tax Lot 1900, was the site of an existing dwelling. A second, Tax Lot 1800, lies between Tax Lot 1900 and the third parcel, Tax Lot 2000.[1] In 1994, respondent sold Tax Lot 1800 to her grandson, subject to a right of first refusal should he sell the property. She then filed the present application to place a dwelling on Tax Lot 2000.

ORS 215.705(1)(b) and section 218.090(6)(c) of the county development ordinance allow lot of record dwellings if, *inter alia*, "[t]he tract on which the dwelling will be sited does not include a dwelling." ORS 215.010(2), to which there is also a corresponding county provision, defines "tract" as "one or more *contiguous* parcels *under the same ownership*." (Emphasis supplied.) It is clear that, before respondent sold the middle lot, Tax Lot 2000 was part of a tract on which a dwelling was already located. The principal question presented here is whether the sale altered that situation and made the new dwelling permissible, on the theory that Tax Lot 2000 and Tax Lot 1900 are no longer contiguous or commonly owned and, therefore, are no longer part of the same tract. Petitioner's first assignment of error is that LUBA erred in sustaining the county's affirmative answer to that question.

The county's and LUBA's analysis focused primarily on the county zoning provisions, rather than the largely identical state statutes on which they are modeled. The county enacting ordinance, however, expressly indicates that the local provisions are intended to duplicate the requirements of state law. In view of that, and because the language of the state statutes is clearer and there is no question here of deference to the hearings officer's interpretation of local legislation, *Gage v. City of Portland*, 319 Or 308, 877 P2d 1187 (1994), our analysis will focus on state law.

---

[1] A fourth parcel was also acquired, but is not relevant to the case.

ORS 215.705(1) provides, in material part, that a lot of record dwelling may be permitted if:

"(a)   The lot or parcel on which the dwelling will be sited was lawfully created and was acquired by the present owner:

"(A)   Prior to January 1, 1985; or

"(B)   By devise or by intestate succession from a person who acquired the lot or parcel prior to January 1, 1985.

"(b)   The tract on which the dwelling will be sited does not include a dwelling."

ORS 215.705(6) provides, as relevant:

"*For purposes of subsection (1)(a) of this section*, 'owner' includes the wife, husband, son, daughter, mother, father, brother, brother-in-law, sister, sister-in-law, son-in-law, daughter-in-law, mother-in-law, father-in-law, aunt, uncle, niece, nephew, stepparent, stepchild, *grandparent or grandchild of the owner* * * *." (Emphasis supplied.)

Petitioner argues that, in the statutory context, the definition of "owner" in ORS 215.705(6) should be read as applying to "ownership" in ORS 215.010(2) and, in turn, to the word "tract" in ORS 215.705(1)(b). The net effect of petitioner's interpretation would be that, the sale notwithstanding, both respondent and her grandson are "owners" of Tax Lot 1800; the three contiguous parcels therefore remain under the same "ownership" and constitute a "tract"; and there is an existing dwelling on the tract, making an additional dwelling impermissible under ORS 215.705(1)(b) and the county's ordinance.

Respondent replies that, by the express terms of ORS 215.705(6), its definition of "owner" applies only "for purposes of subsection (1)(a) of [the] section," and cannot be extended either to ORS 215.010(2) or to the single-dwelling limitation in ORS 215.705(1)(b). LUBA agreed, and we also do. The limited application of the definition of "owner" is express and unambiguous. Its meaning is ascertainable from its text and context; read together with subsections (1)(a) and (1)(b), it has the sole purpose of including relatives of the owner of a lot or parcel acquired before 1985, as well as the actual owner, in the pool of persons whose connection with the lot or parcel may qualify it for a lot of record dwelling under ORS 215.705(1)(a). The single-dwelling criterion of

subsection (1)(b) is conjunctive to and separate from the subsection (1)(a) criterion in the context of the statute, and there is no basis for reading the ORS 215.705(6) definition of "owner" into parts of the statute other than the single subsection to which ORS 215.705(6) expressly states that it applies.

Petitioner argues further that the conveyance from respondent to her grandson was a manipulative act and a sham, and that, in the interest of avoiding an absurd and unreasonable result, we should not construe the statute and ordinance as allowing the dwelling. Petitioner's point is that, by his understanding, respondent and her grandson have found a device in the statute and ordinance for building a dwelling on a lot that, had respondent not sold the undeveloped adjacent lot, could not have been a permissible site of the dwelling as long as the original dwelling that remains on the third lot is present there. Petitioner posits that that putative absurdity can be prevented by reading the familial definition of "owner" into the word "ownership" in the different part of the statute.

■ As we have noted on repeated occasions, the "absurd results" principle must be applied guardedly to prevent judicial abrogation of the legislature's intended policy. *E.g., Southwood Homeowners v. City Council of Philomath*, 106 Or App 21, 24, 806 P2d 162 (1991). We have also noted that a party's disagreement with a legislative policy, however deeply felt, does not render the legislation absurd. *Pavel v. Winnebago Industries, Inc.*, 127 Or App 16, 21, 870 P2d 856 (1994). In any event, petitioner's suggested cure for what he regards as the absurdity in the statute is worse than the disease. Even if the definition of "owner" in ORS 215.705(6) *were* extended and applied in the way petitioner urges, respondent could *nonetheless* qualify for a second dwelling under ORS 215.705(1)(a) if she or her grandson conveyed the intervening lot to a friend instead of a relative.

■ Whatever the precise mechanics the act might have contemplated, one of the stated purposes of Oregon Laws 1993, chapter 792, through which ORS 215.700 *et seq* and ORS 215.010(2) were adopted, was to authorize dwellings in resource zones in certain circumstances where they could not

previously have been allowed. ORS 215.700. It is also reasonably apparent from ORS 215.705(1)(a) and (6) that the statutes place a preference on and confer certain favorable treatment on property that remains family-owned.

In one way or another, the statutes make possible the achievement of the objective that respondent seeks and petitioner disfavors. The absurdity, if there can be one here, would be to read the statutes, contrary to their express language, as enabling persons to achieve that objective by selling their property to strangers, but not to relatives. Any unintended gap in the statute is for the legislature to fill. We agree with the county and LUBA that Tax Lot 2000 qualifies for a dwelling under ORS 215.705(1)(a) and the corresponding county provision. Petitioner's remaining points under his first assignment do not require discussion.

Petitioner's other assignments of error challenge the constitutionality of the statutes and ordinance, as well as LUBA's conclusion that petitioner failed to raise the constitutional arguments in the local proceeding sufficiently to preserve them under ORS 197.763. Assuming preservation, the arguments fail on their merits.

Affirmed.