Argued and submitted December 8, 1995, affirmed August 28, 1996

In the Matter of the Compensation of
Daniel L. Bourgo, Claimant.
## TINH XUAN PHAM AUTO
and Mid-Century Insurance Company,
*Petitioners,*

*v.*

Daniel L. BOURGO,
*Respondent.*

(WCB No. 93-10892; CA A87116)

922 P2d 1255

Vera Langer argued the cause for petitioners. With her on the brief was Scheminske, Lyons & Bussman.

Robert Wollheim argued the cause for respondent. With him on the brief were Patrick K. Cougill and Welch, Brunn, Green & Wollheim.

Before Deits, Presiding Judge, and De Muniz and Armstrong, Judges.

DEITS, P. J.

**DEITS, P. J.**

Employer seeks review of an order of the Workers' Compensation Board that determined the extent of claimant's impairment. Employer argues that the Board erred in refusing to admit Exhibit 46, a "supplemental" medical arbiters' report prepared at the request of employer, and Exhibit 47, a document entitled *Guide to the Evaluation of Permanent Impairment*. We affirm.

Claimant suffered a compensable low back strain in 1992. Employer initially accepted the claim as a nondisabling low back strain. In September 1992, employer reclassified the claim as disabling and accepted the central and left-side L5/S1 disc herniation. Claimant had surgery in September 1992. In January 1993, employer issued a notice of closure in which it granted claimant an award of compensation of 28.80 degrees for 9 percent unscheduled low back permanent partial disability (PPD). Claimant sought reconsideration of this award and, pursuant to ORS 656.268(7)(b), employer requested a three-member medical arbiters panel. The panel issued a report in August 1993, and, based on the findings of the panel, the Department of Consumer and Business Services issued an order on reconsideration granting claimant an award of 89.60 degrees for 28 percent unscheduled low back PPD.

In September 1993, employer requested a hearing on the order on reconsideration. On October 7, 1993, after employer's request for hearing was filed, Dr. Dinneen, one of the three medical arbiters, signed off on a letter from employer's attorney that purportedly clarified the initial medical arbiters' report. At the hearing before the administrative law judge (ALJ), employer sought to introduce the letter as Exhibit 46. In addition, employer offered as evidence a publication by the American Medical Association, entitled *Guide to the Evaluation of Permanent Disability*.[1] The ALJ denied

---

[1] Employer seeks to introduce this publication to show that the panel's impairment evaluation was invalid. Apparently, employer was advised by Dr. Dinneen that during the medical examination of claimant, it was necessary to repeat the range of motion testing six times. Employer relies on the *Guide* to demonstrate that this fact invalidates the test results.

the admission of Exhibit 46 on the ground that it was subsequent medical evidence and was not admissible pursuant to ORS 656.268(7). The ALJ also denied the admission of Exhibit 47 on the ground that there was no evidence identifying where the *Guide* came from and no evidence demonstrating that it was any different from the information that the Department had given to the panel of arbiters to determine impairment. The Board agreed with the ALJ as to Exhibit 46, concluding that the statutes do not allow a "supplemental" or "clarifying" medical arbiter report, generated after the initial arbiter's report and the order on reconsideration. The Board also concluded that the ALJ did not abuse his discretion in denying the admission of Exhibit 47.

Employer assigns error to the Board's refusal to admit these two exhibits. The pertinent statutes are ORS 656.268(6)(e) and ORS 656.268(7)(g). ORS 656.268(6)(e)[2] provides:

"Any medical arbiter report may be received as evidence at a hearing even if the report is not prepared in time for use in the reconsideration proceeding."

ORS 656.268(7)(g) states:

"After reconsideration, no subsequent medical evidence of the worker's impairment is admissible before the Department, the Workers' Compensation Board or the courts for purposes of making findings of impairment on the claim closure."[3]

---

[2] After the ALJ's order, the legislature renumbered ORS 656.268(6)(a) to 656.268(6)(e) Or Laws 1995, ch 332, § 30. The pertinent language of the subsection was not changed.

[3] The 1995 legislature also amended ORS 656.268(7). Or Laws 1995, ch 332, § 30. The subsections of ORS 656.268(7) were renumbered and the language of a number of the subsections was amended. The only alteration that has any relevance here is that the language under the former statute that is now subsection (7)(g) provided that no medical evidence *subsequent to the medical arbiter's report* was admissible. ORS 656.268(7)(g) now provides that no medical evidence *after reconsideration* is admissible. The evidence here was generated after reconsideration and, therefore, the change has no effect on this case. The Board so concluded in its decisions in *Robert K. Warren*, 47 Van Natta 1471 (1995), and *Joyce A. Crump*, 47 Van Natta 1516 (1995). In these cases, the Board considered this specific change in the same context as here and concluded that the change made no difference in its analysis.

Employer relies on what it characterizes as the plain language of ORS 656.268(6)(e) to support its argument that Exhibit 46 is admissible. It contends that the reference to "any medical arbiter report" contemplates that there may be more than one report and that a later supplementation or clarification of the initial report clearly would come within those terms. In considering this argument, the Board concluded that it was unclear from the language of the statutes whether a "clarifying" or "supplemental" report from a medical arbiter or panel of arbiters, prepared after the initial report or after the order on reconsideration would be admissible. The Board then took into consideration the legislative history. After reviewing that history, the Board concluded that the legislature did not intend that such reports would be admissible.

We also conclude that the terms of the statute are ambiguous and that it is necessary to examine the legislative history of the statutes. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). As explained in the Board's opinion, the terms "any medical arbiter report" were added to the statute in 1991. The purpose of these changes, as evident from the legislative history, was to ensure that a medical arbiter's report that was not prepared in time to be used in the reconsideration process could be considered in later proceedings reviewing the reconsideration order.[4] The Board explained:

"[W]hen viewed in light of the purpose behind the amendment, it is apparent that the provision was added to permit admission of an initial medical arbiter report that was requested, yet not completed, before the statutory time-limit for reconsideration.

"The phrase 'was not prepared in time for use at the reconsideration proceeding' is consistent with such an interpretation. The statutory amendment further confirms that the provision is intended to permit admission of evidence at hearing of a medical arbiter report that is designed for use by the Appellate Unit during the reconsideration

---

[4] In our decision in *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), we held that the statutes do not prohibit the admission of a medical arbiter's report in a later proceeding if it was not completed in time for the reconsideration process.

process, but was not prepared in time for consideration prior to the issuance of the reconsideration order (whether actually or 'deemed' issued).

"Such an interpretation is likewise consistent with the intentions expressed regarding the medical arbiter and reconsideration process. In other words, while the parties can no longer request opinions from their respective medical experts, permitting them to solicit supplemental opinions from the medical arbiter would tend to further the very same 'dueling doctors' and litigious system the legislature was attempting to avoid. Moreover, allowance of such a practice would undermine the objectivity of the arbiter and raise a question with regard to whether the arbiter had become a witness for one party or the other.

"Finally, to interpret ORS 656.268(6)(a) as allowing the admission of supplemental or clarifying medical arbiter reports would ignore the context in which the statute was amended. When both provisions are considered in light of the legislative history, we conclude neither provision allows the admission of a 'supplemental' or 'clarifying' medical arbiter's report which was prepared at the request of either party. Therefore, we agree with the Referee that Exhibit 46 is not admissible."[5] (Footnotes omitted.)

We agree with the Board's reasoning and conclusions and, accordingly, hold that the Board did not err in upholding the denial of the admission of Exhibit 46.[6] We also conclude that the Board did not err in denying the admission of Exhibit 47.

Affirmed.

---

[5] The Board has held that there are some circumstances where a supplemental or clarifying medical arbiters' report would be admissible, for example, if the initial report itself indicates that it is not complete or when the Department requests the clarification. *See Jason O. Olson*, 47 Van Natta 2192 (1995). That question is not before us because here the report does not indicate that it was incomplete, and the request for clarification was made by the employer.

[6] On judicial review, claimant also argues that Exhibit 46 was not admissible because, as the opinion of only one of the three members of the medical arbiters panel, it cannot be a medical arbiter report. We do not address that issue because it is unnecessary to do so in view of our holding and because claimant did not argue that issue below.