Argued and submitted April 20, affirmed June 28, 2000

Tom BRUGGERE
and Kelley Bruggere,
*Respondents,*

*v.*

CLACKAMAS COUNTY,
*Respondent,*

*and*

Travis J. VEENKER,
*Petitioner,*

*and*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent.*

(99-091; CA A109338)

7 P3d 634

Jeff H. Bachrach argued the cause for petitioner. With him on the brief were Dana L. Krawczuk and Ramis Crew Corrigan & Bachrach LLP.

Michael C. Robinson argued the cause for respondents Tom Bruggere and Kelley Bruggere. On the brief were Michael R. Campbell and Stoel Rives LLP.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, filed the brief for respondent Land Conservation and Development.

No appearance by respondent Clackamas County.

Before Kistler, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Petitioner Veenker seeks review of LUBA's decision reversing Clackamas County's approval of his application for a "lot-of-record" dwelling on his property, tax lot 400, located in an exclusive farm use (EFU) zone. We affirm.

ORS 215.705, the so-called "lot-of-record" statute, provides, in part:

"(1)  A governing body of a county or its designate may allow the establishment of a single-family dwelling on a lot or parcel located within a farm or forest zone as set forth in this section and ORS 215.710, 215.720, 215.740 and 215.750 after notifying the county assessor that the governing body intends to allow the dwelling. A dwelling under this section may be allowed if:

"(a)  The lot or parcel on which the dwelling will be sited was lawfully created and was acquired by the present owner:

"(A)  Prior to January 1, 1985; or

"(B)  By devise or by intestate succession from a person who acquired the lot or parcel prior to January 1, 1985.

"(b)  The tract on which the dwelling will be sited does not include a dwelling.

"* * * * *

"(d)  The lot or parcel on which the dwelling will be sited, if zoned for farm use, is not on that high-value farmland described in ORS 215.710 except as provided in [subsections of the statute that are not material here].

"* * * * *

"(g)  When the lot or parcel on which the dwelling will be sited is part of a tract, the remaining portions of the tract are consolidated into a single lot or parcel when the dwelling is allowed.

"* * * * *

"(6)  For purposes of subsection (1)(a) of this section, 'owner' includes the wife, husband, son, daughter, mother, father, brother, brother-in-law, sister, sister-in-law, son-in-law, daughter-in-law, mother-in-law, father-in-law, aunt,

uncle, niece, nephew, stepparent, stepchild, grandparent or grandchild of the owner or a business entity owned by any one or combination of these family members."

ORS 215.010(2) defines "tract" as "one or more contiguous lots or parcels under the same ownership."

■    ORS 215.705 was enacted through Oregon Laws 1993, chapter 792, which took effect on November 4, 1993. In the spring of 1998, the Land Conservation and Development Commission (LCDC) promulgated OAR 660-033-0130(3)(a). That rule reads much like ORS 215.705(1), except that the following paragraph (C) (sometimes hereafter "the rule") is inserted into the midst of the regulatory text that otherwise duplicates the substance of the statute:

> "The lot or parcel on which the dwelling will be sited was part of a tract in November 4, 1993, no dwelling exists on another lot or parcel that was part of that tract[.]"

Petitioner states in his brief:

> "Restated to make better sense * * *, the rule means 'that the presence of an existing dwelling on any contiguous lot under the same ownership as the subject property on November 4, 1993, precludes the approval of a dwelling on the subject property.'"

The other parties appear to agree with petitioner's understanding of the rule. Bearing in mind that paragraph (C) is part of a series of provisions that are preceded by the word "if," we agree with the parties' consensual understanding of its meaning. Although it is far from exemplary in its draftsmanship, the rule has only the one possible meaning that petitioner captures in his restatement of it.

Petitioner's parents were his predecessors in title to lot 400. In addition, they held various interests in other nearby property, including tax lot 1300, which is contiguous to lot 400 and which has been the site of a dwelling since 1978. In the early 1990s, the parents made a number of conveyances of lot 1300 back and forth between themselves, individually and jointly. The net result was that, on November 4, 1993, they owned the lot jointly and also jointly owned lot 400. Lot 400 was conveyed to petitioner some years later.

At the time that petitioner applied for the dwelling in December 1998, the application would have qualified for approval under the statute, in the absence of the rule. *See Craven v. Jackson County*, 135 Or App 250, 898 P2d 809, *rev den* 321 Or 512 (1995). The application would have qualified for approval despite the requirement of ORS 215.705(1)(a) that lot 400 must have been acquired by the "present owner" either before 1985 or by inheritance from a person who acquired the lot before 1985. The reason is that ORS 215.705(6) defines "owner" of a lot for purposes of subsection (1)(a) to include the children of the "actual" owner. Under the rule, however, the application could not be allowed, because lot 400 had been part of a tract on which there was an existing dwelling as of November 4, 1993. Petitioner contends that the rule contravenes the statute and is invalid. The county hearings officer agreed with him and granted the application. On appeal, LUBA disagreed and reversed the county's decision. In his first assignment of error to us, petitioner reiterates his contention. Like LUBA, we also disagree with it.

Although the parties state their arguments at greater length and in greater detail, the essence of petitioner's position is that the proposed dwelling is permissible under the unambiguous terms of the statutes; that ORS 215.705(1) includes a "self-contained set of standards for approving lot-of-record dwellings"; and that the regulatory superimposition of a retrospective date for determining whether a lot was part of a tract is contrary to the statute, insofar as it might result in the denial of dwellings that the statute would make permissible.

■ The linchpin of respondents'[1] arguments and LUBA's opinion is *Lane County v. LCDC*, 325 Or 569, 942 P2d 278 (1997). In that case, the court rejected a challenge to the validity of certain LCDC rules that limited or prohibited certain uses on high-value farmland. After an extensive review of the apposite land use statutes in general, and those pertaining to agricultural lands in particular, the court

---

[1] Respondents Bruggere and LCDC have appeared separately. Although they make some arguments that differ from one another's, it is unnecessary for us to distinguish between them, given the arguments that we find it necessary to address.

observed that "the legislature invested LCDC with broad policymaking and regulatory authority." *Id.* at 581. The court recognized that some of the challenged regulatory provisions restricted uses that are permitted in various agricultural zones by ORS 215.213(1) and that the court had held in *Brentmar v. Jackson County*, 321 Or 481, 900 P2d 1030 (1995), could be conducted "as of right" in those zones. *Lane County*, 325 Or at 583. However, the court continued:

> "In *Brentmar*, the court held only that *counties* may not impose additional regulatory criteria. The opinion did not address the issue of *LCDC*'s authority to adopt and implement regulations that impose restrictions on uses otherwise permissible under that statute in furtherance of the state's land use goals.
>
> "The view advocated by the county and endorsed by the Court of Appeals would have us hold that marginal lands counties may allow the uses set forth in ORS 215.213, regardless of their impact. But that would be incompatible with the general legislative policy, embodied in both chapter 197 and chapter 215, protecting and maintaining the state's agricultural lands. We hold, therefore, that LCDC did not exceed the scope of its authority in any respect argued by the county when it promulgated *regulations imposing additional restrictions* on land classified as high value farmland, *even if those regulations have the effect of prohibiting uses otherwise permissible under the applicable statute.*" *Id.* (emphasis in second paragraph added; other emphasis in original).

The Supreme Court noted in passing in *Lane County* that there, as in connection with any other exercise of rulemaking authority, the specific scope of the authority and the substance of the rules were subject to "the absence * * * of a contrary legislative intent." *Id.* at 581. Petitioner argues that, for a variety of reasons, the rule here is contrary to ORS 215.705. He asserts, for example:

> "ORS 215.705 expressly allows families to do exactly what [petitioner's] family did in order to protect their right to build a house on each lot of record acquired by the family prior to January 1, 1985."

However, petitioner is not correct in his view that ORS 215.705 confers a right to build a house on each lot.

Indeed, ORS 215.705(1)(b) prohibits the erection of dwellings on contiguous lots that are commonly owned. Petitioner is also incorrect in stating that the statute "expressly allows" intrafamily conveyances that have the effect if not the purpose of taking contiguous lots out of common ownership for as long as necessary to secure approval for the building of multiple dwellings on the "former" tract. Although the statute itself does not expressly prevent such conveyances, it *says* nothing about them, much less expressly allow them. The rule fills that void—at least as to contiguous lots or parcels that were in common ownership as of November 4, 1993, when the statute took effect. As respondents point out, the prevention of multiple dwellings on contiguous and commonly owned lots—*i.e.*, tracts—*is* an expressly stated objective of the statute, as reflected in both ORS 215.705(1)(b) and (1)(g). The rule is consistent with and promotes that statutory objective. It is not rendered "contrary to the statute" by the fact that it does not *also* implement other objectives that the statute may also contain.

When all is said and done, petitioner's "inconsistency" argument comes to little more than that the rule precludes certain uses that the statute would otherwise allow. That, however, is precisely what *Lane County* held that the LCDC rules at issue in that case could permissibly do. Petitioner nevertheless contends that the rationale of *Lane County* should not be extended to this case, because the rules there pertained to the preservation of high-value farmland, while the rule here restricts the lot-of-record dwellings that may be erected on "less productive [agricultural] land." ORS 215.700(1).

The difficulty with that contention is that *Lane County* traces LCDC's expansive rulemaking authority over agricultural lands and land uses to a wide array of statutes pertaining to agriculture and to land use regulation generally. ORS 215.705 *is* a statute that relates to uses on agricultural land, as much as ORS 215.213 and the other statutes discussed in *Lane County* are. Moreover, as the court noted in *Lane County*, ORS 215.304(2) specifically and concurrently directs LCDC to adopt "rules that conform * * * to the statutory provisions dealing with *lot of record and high value farmland* set out in ORS 215.705 to ORS 215.780." *Id.* at 579

(emphasis added). We conclude that there is no basis for the distinction that petitioner urges us to draw between the two cases and no basis for holding that the rule in this case falls outside the ambit of LCDC's rulemaking authority as delineated in *Lane County*. If petitioner's implicit point is that the holding in *Lane County* itself is too expansive and should be narrowed, that point must be addressed to the Supreme Court or the legislature.

Finally, petitioner's reliance on our decisions in *Craven* and *DLCD v. Yamhill County*, 151 Or App 367, 949 P2d 1245 (1997), does not assist him. Both cases involved our own interpretation and application of the lot-of-record statute to the arguments and facts before us. Neither provides any basis for holding LCDC's rule to be invalid in substance or in excess of its authority.

Petitioner's other specific arguments in support of his first assignment and his second assignment in its entirety require no discussion. He demonstrates no basis for reversal.

Affirmed.